RALPH FRIEDLAND et al., Copartners Doing Business as RALPH FRIEDLAND & BROS., Appellants, v. VICTORY VENETIAN BLIND EQUIPMENT CORP. et al., Respondents. (Supreme Court, Kings County.) VICTORY VENETIAN BLIND EQUIPMENT CORP., Plaintiff, v. RALPH FRIEDLAND et al., Copartners Doing Business as RALPH FRIEDLAND AND BROS., Defendants. (Muncipal Court of City of New York, Borough of Brooklyn.) — In an action brought in the Supreme Court by appellants to recover damages from respondents for conversion, appellants' motion to remove and consolidate with that action a prior action pending in the Municipal Court, brought by the corporate respondent against appellants for goods sold and delivered, was denied. Order affirmed, with $10 costs and disbursements. No opinion. Lewis, P. J., Johnston, Adel, Sneed and Wenzel, JJ., concur.

LEE FOGEL, Appellant, v. HANWIT BUILDING CO., INC., et al., Defendants, and LOUIS JOSEPH, Respondent.— Action under section 500 of the Real Property Law to determine a claim made by defendant Joseph to a right in respect of plaintiff's property. Judgment dismissing the complaint on the merits unanimously affirmed, with costs. No opinion. Present — Lewis, P. J., Carswell, Adel, Sneed and Wenzel, JJ.

N. MATTHEW FULLAM, Respondent, v. WESTCHESTER COUNTY PLAYLAND COMMISSION, Appellant.— In action to recover damages for personal injuries sustained by respondent in an amusement device operated by appellant, order granting respondent's motion for leave to file a notice of claim after the expiration of sixty days from the time of the alleged injury (General Municipal Law, § 50-e) reversed on the law and the facts, with $10 costs and disbursements, and the motion denied, without costs. Filing of a notice of claim was mandatory (Westchester County Playland Commission Act, § 10, as amd. by L. 1941, ch. 777, § 2) and it was not within the court's discretion to extend the period for service in the absence of a showing of incapacity, mental or physical, or of infancy. (General Municipal Law, § 50-e, subd. 5; *Matter of Franco* v. *City of New York*, 270 App. Div. 1050.) Lewis, P. J., Johnston, Adel, Sneed and Wenzel, JJ., concur.