In the Matter of ALEXANDER WHITE, Petitioner, against CITY OF NEW YORK, Respondent.

Supreme Court, Special Term, Queens County, February 17, 1949, on reargument, March 23, 1949.

*Ward R. Burns* for petitioner.

*John P. McGrath,* Corporation Counsel (*Joseph M. Eidelberg* of counsel), for respondent.

HALLINAN, J. Application pursuant to section 50–e of the General Municipal Law for leave to serve a notice of claim upon the City of New York.

Petitioner was severely injured on October 31, 1948, when the bus in which he was riding collided with a retaining wall. On November 27, 1948, he visited the scene of the accident with his attorney in order to explain the manner in which the accident occurred. His physicians apparently were uncertain as to the extent of his injuries and recommended a consultation with an orthopedic specialist, who was out of town during the holiday season. Petitioner's time to file a notice of claim expired on December 30, 1948. Petitioner's attorney himself met with an accident on December 2, 1948, in which a portion of his left thumb was amputated, and his left hand was kept in a sling until December 20, 1948. This application was made on January 6, 1949.

It is unfortunate for petitioner that his notice of claim was not filed in due time, but it is apparent that the failure to serve the notice of claim was not due to any mental or physical disability on his part. He was able to visit his physician during the month of November, and with his attorney to visit the scene of the accident on November 27, 1948. Nor can it be said that the accident to his attorney prevented the timely filing of notice, for his attorney had sufficiently recovered from his accident before the expiration of the sixty-day period. The neglect to file cannot be excused because of the uncertainty of the injuries. Subdivision 2 of section 50–e of the General Municipal Law prescribes that the notice of claim shall set forth " the items of damage or injuries claimed to have been sustained *so far as then practicable.*" (Italics supplied.) Implicit in this provision is the possibility that the injuries may not be certain, but that the notice of claim should be served, and, if necessary, an applica-

tion to amend the same made at a later date. (General Municipal Law, § 50–e, subd. 6.)

The application must be denied. Submit order.

Petitioner moves for leave to reargue his application for leave to file a notice of claim upon the City of New York. Reargument is hereby granted.

Claimant was seriously injured when a bus in which he was a passenger ran into a retaining wall on October 31, 1948. The time within which he could have filed a notice of claim as a matter of right expired on December 30, 1948. His application for leave to file late was made on January 6, 1949, the day on which a copy of the order to show cause was served upon the corporation counsel (Civ. Prac. Act, § 113). The motion had to be denied as a matter of law because petitioner did not show that his failure to file a timely notice of claim was due to physical or mental disability or infancy.

On November 27, 1948, less than a month after the collision, petitioner visited the scene of the accident with his attorney. Five days later his attorney also met with an accident, in which a portion of his left thumb was amputated, but he admits that he was able to return to his office on December 10, 1948, although only for two or three hours per day because his hand was in a sling until December 20, 1948. Even then there still remained ten days in which to file.

Petitioner's present application is based on the fact that a bill is pending before the Legislature to increase the filing period from sixty to ninety days. The court hopes that this bill will be enacted into law, but the present application must be decided on the law as it now stands. While it may be true, as petitioner argues, that this bill indicates " a more liberal policy than heretofore has prevailed in the courts ", this court is bound by the policy set forth in the decisions of the appellate courts. (See *Matter of Haas* v. *Incorporated Vil. of Cedarhurst*, 298 N. Y. 757.) Accordingly, the application must again be denied as a matter of law and not in the exercise of discretion. Submit order.