In the Matter of LEONARD KRAUSS, an Infant, by SHIRLEY KRAUSS, His Guardian ad Litem, et al., Petitioners, against BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.

Supreme Court, Special Term, Kings County, April 12, 1951.

*Lawrence Krauss* for petitioners.

*John P. McGrath, Corporation Counsel (Helen C. Corbett* of counsel), for respondent.

KEOGH, J. Motion for leave to serve notices of claim against the board of education of the city of New York after the expiration of the ninety-day period prescribed by section 50-e of the General Municipal Law. The application involves a tort claim

on behalf of an infant for damages for personal injuries and also a claim by the infant's mother for loss of services and medical expenses.

The infant, nine years old, was injured on October 10, 1950, in a school yard in Brooklyn when he was hit on the head and face by a ball. A guardian ad litem for said infant was appointed on December 30, 1950. The last day for serving the notices of claim as of course within the statutory time was January 8, 1951. After the accident the infant's mother retained an attorney who prepared notices of claim for both of the claimants herein and made timely service thereof on the comptroller of the city of New York on January 4, 1951. By notice of motion dated March 22, 1951, the claimants now seek leave to serve the notices of claim upon the board of education of the city of New York after the expiration of the statutory period.

Aside from the immaturity of the infant claimant, the delay in serving the notices of claim is sought to be excused because the claimants' attorney "was taken ill and was away from his office for a short period of time" immediately prior to the service of the notices of claim upon the comptroller of the city of New York, and also because an unidentified clerk in the said comptroller's office informed the attorney's associate that it was unnecessary to serve the notices of claim upon the board of education. With the exception of infancy, the aforesaid excuses offered by the claimants for failure to make timely service of the notices of claim upon the board of education are without merit (*Parsons* v. *Village of Dannemora,* 275 App. Div. 738; *Matter of White* v. *City of New York,* 194 Misc. 562; *Teresta* v. *City of New York,* 277 App. Div. 787).

The service of a notice of claim within ninety days after the accident is mandatory and it is not within the court's discretion to extend the period for service in the absence of a showing of incapacity, mental or physical, or of infancy (*Fullam* v. *Westchester County Playland Comm.,* 273 App. Div. 1011). Even an infant is not excused from such compliance unless his infancy renders him physically or mentally unable to comply. The courts have distinguished between infants of tender years and those who are older, and have held that immature infancy constituted a condition of physical and mental inability which excuses compliance with the statutory requirement. In the case at bar, the infant claimant is nine years old and, therefore, is in the category of immature infants. As was said in *Russo* v. *City of New York* (258 N. Y. 344, 348): " As matter of law

the strict requirements of the statute are not enforced against an immature infant of approximately ten years or less."

The board of education does not allege that it has been prejudiced because timely service of the notices of claim was not made upon it.

With respect to the application of the infant's mother, there is no proof that she suffered from any disability, mental or physical during the ninety-day period which incapacitated her from serving her notice of claim for loss of services and medical expenses within the prescribed time. Proof of such disability is essential before a court may excuse the delay in serving a notice of claim (*Matter of Olian* v. *City of New York*, 271 App. Div. 1029; *Matter of Halloran* v. *Board of Educ. of City of New York*, 271 App. Div. 830).

In view of the foregoing, the motion·is granted in the exercise of discretion as to the infant's claim but denied as to his mother's claim. The infant's notice of claim is to be served upon the board of education within ten days after the service of a copy of the order to be entered hereon with notice of entry thereof. Settle order on notice.