In the Matter of GUILIO ADANUNCIO et al., Petitioners, against CITY OF NEW YORK, Respondent.

Supreme Court, Special Term, Kings County, April 12, 1951.

*Arthur R. Hohmann* for petitioners.

*John P. McGrath, Corporation Counsel (Helen C. Corbett* of counsel), for respondent.

KEOGH, J. Motion by an infant and his father for leave to serve upon the City of New York notices of claim arising in tort, after the expiration of the statutory time pursuant to subdivision 5 of section 50-e of the General Municipal Law.

On August 16, 1950, at about 8:30 P.M., the infant claimant was proceeding on horseback over some vacant land in the Canarsie section of Brooklyn. While doing so, the horse sustained burns by coming in contact with certain chemical or chemically impregnated substances which had been dumped upon that land some time previously, as a result of which the horse threw the infant plaintiff and he fell upon said substances, sustaining serious burns on his left hand, wrist and left leg. He was hospitalized for sixteen days until September 2, 1950, after which he returned home and received further treatment. He returned to school on October 4, 1950.

It appears that shortly after the accident the infant's father consulted an attorney who apparently conducted some investi-

gation for he ascertained the name and address of one Louis Billotti, not in the city's employ, who had been dumping the said harmful substances on the land where the accident happened for about six months preceding the occurrence and Billotti informed said attorney that he was paying a person named Abato for the dumping privilege. The moving papers then state that thereafter, on February 9, 1951, almost six months after the accident, the infant's father retained the above-mentioned attorney to institute legal proceedings against the parties responsible; that on February 17, 1951, this attorney together with the infant's parents consulted another attorney — the attorney who makes this motion — and that within three days thereafter, viz., February 20, 1951, it was learned from the bureau of real estate, Municipal Building, New York City, that the property involved in the accident was owned by the City of New York. The notice of motion herein is dated March 16, 1951, seven months after the accident.

The infant was approximately fifteen and one-half years old at the time of the accident. He attended a vocational high school. It may be assumed from these facts, in the absence of proof to the contrary, that he was of average intelligence for his age. He, therefore, does not come within the classification of "immature infants" as defined in *Russo* v. *City of New York* (258 N. Y. 344). In connection with delayed notices of claim of infants the court said in *Matter of Nori* v. *City of Yonkers* (274 App. Div. 545, 547, affd. 300 N. Y. 632): "The present statute requires, before the court may excuse late filing in the case of an infant, that the failure to serve the notice within the required time be by reason of the infancy." Under the authorities and the facts in this case it cannot be said that the failure to serve the notice of claim upon the City of New York within the prescribed statutory period or to make more prompt application to extend his time to file the required notice was "by reason of the infancy." In *Matter of Lustig* v. *City of New York* (N. Y. L. J., June 14, 1950, p. 2123, col. 2, affd. 278 App. Div. 716), the infant was twelve years old and the court refused to excuse the delay on the ground of infancy despite an express finding by the court that the infant "did not know she might or did have a cause of action against the City of New York and was required to serve a notice of claim."

Nor may the failure to make timely service of the infant's notice of claim or to make a more prompt application for an extension of time be excused because of physical disability inasmuch as it does not appear that the injuries sustained by

the infant prevented compliance with the statutory requirements (*Matter of Nori* v. *City of Yonkers, supra; Matter of Olian* v. *City of New York,* 271 App. Div. 1029; *Matter of White* v. *City of New York,* 194 Misc. 562). The moving papers show that the delay in serving the notices of claim on the City of New York was due to the fact that the section where the accident happened consisted of acres of vacant and undeveloped land, and it was difficult to ascertain the owner of the parcel of land where the infant was injured; further, that the attorney was misled as to the ownership of the land by information he obtained from an individual not connected with the City of New York. This, however, is not one of the reasons permitted by the statute for excusing late claims. Subdivision 5 of section 50-e of the General Municipal Law limits the court's discretion in excusing delay to instances where the delay was due to disability — mental, physical or infancy (*Matter of Martin* v. *School Bd.* [*Long Beach*], 301 N. Y. 233; *Fullam* v. *Westchester Co. Playland Comm.,* 273 App. Div. 1011; *Parsons* v. *Village of Dannemora,* 275 App. Div. 738). In any event it appears that the information that the City of New York owned the land was obtained by the attorney who makes this motion, within three days after he was first consulted, and it is significant that such information was obtained from a public office.

With respect to the father's claim there is likewise no proof that he was " mentally or physically incapacitated, and by reason of such disability " failed to serve his notice of claim within the statutory time.

The court is reluctantly compelled to deny the motion as to both the infant and his father in view of the serious injuries sustained by the infant. The result is harsh, particularly since the city does not claim prejudice because of the delay, but the language of the statute leaves no alternative (*Matter of Martin* v. *School Bd.* [*Long Beach*], *supra*). Settle order on notice.