Ciabkxob J. Hen by, J.
The applicant herein claims to have fallen over a loading truck negligently permitted to remain on a platform of the Genesee Valley Regional Market Authority, on November 3,1960.
On November 16, 1960 a claim adjuster for the Authority’s insurance carrier called upon and obtained a statement from the applicant. Several interviews followed, during the course of which the applicant claims, substantially, that the adjuster advised her that an attorney was not necessary and that the claim could be settled between themselves. It appears (from the affidavit of the adjuster and the applicant’s supplemental affidavit) that no mention of the necessity of filing a notice of claim was made between the two until after 90 days from the date of the accident had elapsed.
The applicant now seeks permission to file a late notice of claim, on the ground of her belief that no action was required of her unless and until the contemplated settlement failed of achievement.
The Genesee Valley Regional Market Authority is a public benefit corporation created by section 878 of the Public Authorities Law. Section 889 of that chapter provides that “ In any ease founded upon a tort a notice of claim shall be required as a condition precedent to the commencement of an action or special proceeding against the authority and the provisions of section fifty-e of the general municipal law shall apply.”
Subdivision 1 of section 50-c of the General Municipal Law (as amd. by L. 1950, ch. 481) requires that a notice of claim be filed within 90 days after the claim arises. Subdivision 5, until 1959, permitted courts, in the exercise of discretion, to grant leave for late filing (within a reasonable time after the expiration of the 90-day period) to adults who failed to file timely notice by reason of mental or physical incapacity, to infants, and where claimants died during the period, and the courts held, consistently, that their discretion was limited to the situations enumerated in subdivision 5 (Matter of Franco v. City of New York, 270 App. Div. 1050 ; Matter of Merkle v. County of Nassau, 197 Misc. 560 ; Matter of Krauss v. Board of Educ., 199 Misc. 505). From time to time, however, petitions for late filing were *626 presented upon the ground that negotiations toward settlement between the claimant and agents or adjusters representing municipalities or public authorities had lulled the claimants into failure to file in time (see Millard v. Lewis, 17 Misc 2d 698 and authorities therein cited).
In 1959 the Legislature took notice of the developing situation and added (L. 1959, eh. 814) a new clause (3) to subdivision 5, extending discretion to allow late filing of claims as follows: “ (3) where the claimant fails to serve a notice of claim within the time limited for service of the notice by reason of his justifiable reliance upon settlement representations made in writing by an authorized representative of the party against which the claim is made or of its insurance carrier.”
The fact that the Legislature recognized the problem and undertook carefully to define a further limit of the exercise of discretion,- compels a ruling that late claims on the ground permitted by the new clause must closely comply with its provisions. Applying such provisions to the instant application, it is clear that an insufficient showing has been made. The claimed settlement representations of the adjuster are not related in substantial detail sufficient to support a determination that reliance upon them by the applicant was justifiable, and there is no indication that they were made, as the clause specifically requires, in writing. Under such circumstances, the application must be denied without, prejudice against renewal, if made in conformance herewith, and within 30 days hereafter.