James H. O’Connoe, J.
A motion is made pursuant to subdivision 5 of section 50-e of the General Municipal Law for leave to serve a late notice of claim against the County of Onondaga.
Petitioner alleges that she was injured on the 7th day of July, 1965, as a result of negligence of one of the agents of the County of Onondaga at a hospital under its supervision. She claims that she failed to file a claim within 90 days from the date of the accident because she relied upon representations of an agent of the county’s insurance carrier that “ everything would be taken care of”. Petitioner states that the agent of the carrier took a statement of the accident from her and visited the petitioner at her home to inquire about her convalescence. She stated further that a third visit was made by the agent of the carrier during which an offer of $450 was made for settlement of her claim. It is alleged that at no time did the said agent advise the petitioner of the 90-day time period within which to file a claim. Near the end of October, 1965, petitioner alleges she received a telephone call from the agent of the carrier advising her that the time period within which to file a notice of claim had expired. Subsequently, and on the 30th day of October, 1965, the petitioner received a letter embodying the telephone conversation.
The 90-day period for filing the claim expired in the early part of October. While this court is aware of the decisions cited by the respondent herein, the County of Onondaga, wherein leave to serve a late notice of claim was denied, including the case of Matter of Carr v. Genesee Val. Regional Market Auth. (28 Misc 2d 624) this court is of the opinion that leave to serve a late notice of claim should be granted.
Clause (3) of subdivision 5 of section 50-e was added to the statute in 1959 by the Legislature. This provision is as follows: “ (3) Where the claimant fails to serve a notice of claim within the time limited for service of the notice by reason of his justifiable reliance upon settlement representations made in writing by an authorized representative of the party against which the claim is made or of its insurance carrier.”
The purpose of the requirement that the settlement representations have to be made in writing is found in the Joint Legislative Committee on Municipal Tort Liability (Fifth Report, March 23,1959, p. 28). The report states: “ The require *868 ment of written representations, while somewhat circumscribing the application of the proposed amendment, has been adopted for the purpose of making certain that fraudulent claims that such representations were made would be foreclosed.”
It should be noted that the statute does not require that the settlement representations be made “ in writing” within the time that a notice of claim can be filed. In other words, it is this court’s opinion that the court has discretion to grant leave to serve a late notice of claim when a claimant has failed to serve a notice of claim within the 90-day period because he justifiably relied upon settlement representations by either the party against whom the claim is made or by its insurance carrier. To substantiate the fact that there were such representations, the statute requires some proof that the representations were in fact made. That proof sufficient- to satisfy the statute must be a representation in writing. In the instant case, a letter from respondent’s insurer dated October 30, 1965 stated unequivocally that an offer of $450 was made prior to the time that a notice of claim could have been filed and in fact, enclosed with the letter were releases in the amount of $450 together with an assertion that the offer was still open for an additional week.
In Tricou v. Town of Duanesburg (23 A D 2d 949) the Appellate Division, Third Department, held that writings sent by the town’s liability insurer to the collision insurer of the claimant constituted settlement representations upon which there was justifiable reliance. The court said that subdivision 5 was intended to be remedial legislation and should be construed liberally.
This is exactly what this court is doing. Therefore, leave to serve a late notice of claim is granted.