In the Matter of CARL H. BALBACH, Respondent, against CENTRAL SCHOOL DISTRICT No. 1 of the TOWNS OF CRAWFORD, MONTGOMERY and WALLKILL, ORANGE COUNTY; SHAWANGUNK and GARDINER, ULSTER COUNTY, and MAMAKATING, SULLIVAN COUNTY, Appellant.— Appeal by the school district from an order granting respondent's application for leave to serve a notice of claim after the expiration of sixty days, the statutory period then provided by section 50-e of the General Municipal Law. Order affirmed, without costs. The accident happened on September 30, 1949, when the infant was seventeen years old. The school authorities knew about the accident immediately after it happened. About three weeks after the occurrence, claimant's father reported the accident personally to the principal of the school and the president of the school district. On November 1, 1949, the insurance carrier for the school district received a statement in writing, signed by the claimant, as to the facts of the accident. The insurance investigator told claimant and his father that he would examine into the case and attempt to settle it. Thereafter the investigator visited the claimant and his father periodically and made offers of settlement, which were increased from $2,500 to $5,000, during which time he stated that if the claimant hired an attorney, the attorney would receive 50% of the settlement. When settlement could not be had, claimant and his father consulted an attorney on September 26, 1950. An order to show cause for leave to serve the notice of claim was served on September 30, 1950, the last day on which a motion could effectively be made. Under the peculiar circumstances of this case, the discretion of the Special Term was properly exercised in favor of the granting of the motion. Carswell, Acting P. J., Johnston, Sneed, Wenzel and MacCrate, JJ., concur.

■

In the Matter of the Arbitration between WILLIAM BERENS, Doing Business as WILLIAM BERENS COMPANY, et al., Appellants, and JACK ROBINEAU, Respondent. — On November 20, 1949, a contract was signed between the parties whereby appellants employed respondent as office manager for one year, beginning November 21, 1949. Among other things, the contract provided that " All claims, disputes, differences or controversies between the parties arising out of, or in connection with, this agreement shall be determined and settled by arbitration ". On May 15, 1950, appellants discharged respondent. Respondent commenced an action to recover damages for wrongful discharge. Appellants applied for a stay of the action until arbitration shall have been had in accordance with the terms of the contract. The motion was denied by the order appealed from. Order reversed on the law, with $10 costs and disbursements, and the motion granted, without costs. The language of the arbitration clause is broad enough to include a claim for wrongful discharge in violation of the contract. (Girouard v. Kaufman, 277 App. Div. 1102.) The provisions of paragraph " Tenth " that the contract and each of its provisions shall remain in full force and effect as long as respondent continues in appellants' employ was not intended as a limitation of the arbitration clause, but was intended to cover a renewal or other continuance of the employment after the expiration of the one-year term of the contract. In any event, the circumstances leading up to the wrongful discharge necessarily took place during the continuance of the employment. Nolan, P. J., Carswell, Johnston, Adel and MacCrate, JJ., concur.