In the Matter of the Claim of BETTE GADDIS, an Infant, by RUTH GADDIS, her Guardian ad Litem, Respondent, against BOARD OF EDUCATION, CENTRAL SCHOOL DISTRICT No. 1 OF AVERILL PARK, Appellant.— Appeal from an order of the Supreme Court made at a Rensselaer County Special Term. The order granted an application to serve a notice of a claim for personal injuries against defendant pursuant to section 50-e of the General Municipal Law on behalf of an infant. The claim is in tort. The notice of motion was served twelve days after the expiration of the statutory period of ninety days. The infant is under sixteen years of age. Under the facts shown we cannot say that the Special Term abused the discretion accorded it by the broad provisions of subdivision 5 of the aforesaid section of the statute. Order unanimously affirmed, with $10 costs. Present — Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ. [200 Misc. 44.]

■

In the Matter of EZRA COLEMAN, Judgment-Debtor-Appellant, against ROSE UNIT PARTS CORPORATION, Judgment-Creditor-Respondent.— Appeal from an order of the Broome County Court punishing appellant for contempt. The order of the court directed the judgment debtor to appear before a Referee for examination in supplementary proceedings at 2:00 P.M., September 8, 1950. In the morning of that day the judgment debtor came to the office of the attorneys for the judgment creditor and was " partially examined " informally by a managing clerk for said attorneys and signed a stipulation adjourning the proceedings to September 29th. He did not appear before the Referee on the adjourned day and his failure then to appear is the basis for the order of contempt. The record does not show that appellant was before the Referee at any time, or that he was directed by the Referee to appear on the adjourned date; nor does it appear that the attorneys for the judgment creditor took any part in the informal examination. Thus, the " partial examination " described in respondent's papers in support of the application for an adjudication of contempt, the adjournment and all the proceedings directed before the Referee were not conducted under any judicial supervision, or by the professional participation of any member of the Bar, as far as this record shows. The stipulation for the adjourned hearing is not made part of the record. To justify an order of contempt the burden is on the moving party to show that the examination had under the order is so inadequate to protect the creditor's right that further examination is needed. The facts adduced and the need for the development of further facts must be shown by the record or accurately described, so that a judicial determination may be made whether a failure to appear further has prejudiced a substantial right. There is also some doubt whether, without a direction by the Referee to appear on the adjourned date, the failure of the appellant then to appear constitutes a contempt. Order is reversed on the law and the facts, with $10 costs and disbursements. Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ., concur.