In the Matter of Rita Hogan et al., Appellants, against City of Cohoes, Respondent.

Third Department, January 9, 1952.

*John F. Kelly* and *Maurice Z. Carr* for appellants.

*Bernard Simon* and *Henry S. Bayly* for respondent.

FOSTER, P. J.   Appellants appeal from orders of the Supreme Court which denied their motion for an order granting leave to file a notice of claim against the City of Cohoes, pursuant to subdivision 5 of section 50-e of the General Municipal Law.

It is said that the infant claimant, thirteen years of age at the time, was injured on May 17, 1950, while playing in Sunset

Park in the city of Cohoes. It is asserted that she fell upon a broken bottle. No notice of claim in her behalf was filed within the sixty-day period then required by statute. But on November 29, 1950, an attorney was consulted by the infant's mother, and on the same day he addressed a letter to the corporation counsel's office. Subsequently he telephoned to the corporation counsel concerning the matter. Later he addressed a letter to the insurance carrier for the city. Still later he prepared motion papers for an order permitting a late filing of the claim, returnable on February 26, 1951. This motion was withdrawn, however, and another application for the same relief was made returnable at the Special Term held on March 16, 1951. The Special Term denied the motion, originally and upon reargument, on the theory that the delay after the attorney had been retained was not because of disability due to infancy. We are thus squarely confronted by the question of whether delay occasioned either by the neglect or inartful practice of an attorney places an infant's claim beyond the remedial provisions of the statute.

So far as material here section 50-e of the General Municipal Law, in force at the time, provided first that in any case founded upon a tort, where a notice of claim was required, such notice had to be filed within sixty days.

Subdivision 5 provided, however, that "Where the claimant is an infant, or is mentally or physically incapacitated, *and by reason of such disability fails to serve a notice of claim*   *   *   * within the time limited therefor   *   *   *   the court, in its discretion, may grant leave to serve the notice of claim within a reasonable time after the expiration of the time specified in subdivision one." (Emphasis supplied.)

The next paragraph provided, "Application for such leave must be made within the period of one year after the happening of the event upon which the claim is based, and shall be made prior to the commencement of an action to enforce the claim, upon affidavit showing the particular facts which caused the delay, accompanied by a copy of the proposed notice of claim."

It is interesting to note that despite the foregoing language limiting the period for late filing in any event to one year, its application to an infant was sufficient to divide the Court of Appeals where a period of nineteen months was involved (*Matter of Martin* v. *School Bd.* [*Long Beach*], 301 N. Y. 233). A majority held that after the lapse of one year an infant's claim could not be filed.

Prior to the enactment in 1945 (L. 1945, ch. 694) of section 50-e of the General Municipal Law there were many decisions relative to the late filing of claims in cases of infants that are of little value now. However one principle was established that still remains important. It was held that the rights of an infant were not forfeited because a parent did not perform for the infant where performance was excused because of infancy (*Murphy* v. *Village of Fort Edward,* 213 N. Y. 397; *Russo* v. *City of New York,* 258 N. Y. 344). We assume, and the Special Term so recognized, that this principle was not destroyed, within the limits of a year, by the enactment of section 50-e. We are unable to perceive any vital distinction between the neglect of a parent and the laches of an attorney (*Natoli* v. *Board of Educ. of City of Norwich,* 277 App. Div. 915, affd. 303 N. Y. 646). In either case an infant thirteen years of age has not the mental capacity to protect his or her rights.

The essence of the problem presented here is what the Legislature intended by the use of this language " and by reason of such disability fails to serve a notice of claim ". We think it must have meant that where the delay in filing was reasonably attributable in any substantial degree to the fact of infancy the courts might grant relief within the period of a year. Any other construction is repugnant to the view that an infant is a ward of the court, and to the principle that the rights of an immature infant shall not be forfeited because of the failure of some other party to act. We think the Special Term construed the statute too narrowly, and that the infant's claim comes within the doctrine expressed. The claim of the mother is not so protected.

The order of April 20, 1951, should be modified upon the law and the facts by reversing that part thereof which denied the right of the infant to file a claim, and the motion in that respect should be granted, without costs; and as so modified the order should be affirmed.

HEFFERNAN, BREWSTER, BERGAN and COON, JJ., concur.

Order of April 20, 1951, modified upon the law and facts by reversing that part thereof which denied the right of the infant to file a claim, and the motion in that respect granted, without costs; and as so modified the order is affirmed.