In the Matter of FRANK Z. MATHUSA, Individually and as Guardian ad Litem of PARKER D. MATHUSA, an Infant, Petitioner, against BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 1, TOWNS OF BETHLEHEM, COEYMANS and NEW SCOTLAND, Respondent.

County Court, Albany County, March 26, 1952.

*Jason S. Morrow* for petitioner.

*Ernest P. Lyons* for respondent.

SCHENCK, J. This is a motion for an order granting leave to the plaintiff to serve a notice of claim on the defendant after expiration of the statutory period pursuant to section 50-e of the General Municipal Law. The proposed claim is on behalf of an infant under the age of fourteen years, as well as being on behalf of the infant's father individually.

The alleged injury was sustained by the infant on June 14, 1951. No claim was filed within the ninety-day statutory period fixed by section 50-e of the General Municipal Law. There was, however, a notice of claim against the State of New York filed with the Attorney-General on August 15th. It would appear, therefore, that legal advice had been enlisted on behalf of the infant within the statutory period. Counsel's affidavit in support of this motion recites certain misunderstandings and delays which ultimately resulted in no claim being filed against this defendant within the prescribed period. The delay could not reasonably be attributed in any way to fault on the part of the infant.

The defendant contends that there are no grounds, statutory or discretionary, upon which this court may grant the relief sought. Defendant contends that the mere fact of infancy does not entitle the court to exercise its discretion under subdivision 5 of section 50-e of the General Municipal Law which prescribes as follows: " 5. Where the claimant is an infant, or mentally or physically incapacitated, and by reason of such disability

fails to serve a notice of claim as provided in the foregoing subdivisions of this section within the time limited therefor, or where a person entitled to make a claim dies before the expiration of the time limited for service of the notice, the court, in its discretion, may grant leave to serve the notice of claim within a reasonable time after the expiration of the time specified in subdivision one. Application for such leave must be made within the period of one year after the happening of the event upon which the claim is based, and shall be made prior to the commencement of an action to enforce the claim, upon affidavit showing the particular facts which caused the delay, accompanied by a copy of the proposed notice of claim. The application shall be made returnable at a trial or special term of the supreme court, or of the county court, in the county where an action on the claim could properly be brought for trial, and due notice thereof shall be served upon the person or party against whom the claim is made, in the manner specified in subdivision three.''

It would appear that there is a line of cases, some of which have been cited by the defendant, which bears out the argument that infancy, in and of itself, does not create disability sufficient to empower the court to grant relief such as is sought herein within the purview of the above-quoted section. In an opinion published as recently as February 16th of this year the Special Term of the Supreme Court in King's County held to this effect in the case of *Matter of Adanuncio* v. *City of New York* (200 Misc. 676). The court therein citing some of the authorities urged by this defendant stated that the result was '' harsh '', but that the statute left no alternative.

The *Adanuncio* case and the decisions upon which it was based have, however, been clearly overruled by the Appellate Division, Third Department, in *Matter of Hogan* v. *City of Cohoes* (279 App. Div. 282). It was therein held, under facts essentially identical to those now before us, that the court should exercise its discretion in permitting a claim to be filed on behalf of an infant within one year from the date on which the injury was sustained even though no claim was filed within the statutory ninety-day period. The court therein reviewed the legislative intent in the enactment of section 50-e of the General Municipal Law. The theory is that an immature infant should not have his rights forfeited because of the failure of his guardian or his attorney to act within the prescribed statutory period provided leave is sought within one year of the date of injury. The decision in the *Hogan* case would seem

to clarify the divergence of authority on this point which has heretofore existed. Therefore, as far as this infant's claim is concerned, leave is granted to file the same with the defendant at this time.

As pointed out in the *Hogan* case, however, the claim of the father individually to recover medical expenses, etc., should have been filed within the statutory period and there is no basis at the present time for the exercise of the court's discretion in permitting this individual claim to be filed. An order may, therefore, be entered granting the relief requested under subdivision 5 of section 50-e of the General Municipal Law with respect to the claim filed on behalf of the infant, Parker D. Mathusa by Frank Z. Mathusa as guardian ad litem. No costs.