Anthony Biancoviso, an Infant, by Anna Biancoviso, His Guardian ad Litem, et al., Respondents, v. City of New York et al., Appellants.

Second Department, January 24, 1955.

*Adrian P. Burke, Corporation Counsel* (*Ave Yeghenian* and *Seymour B. Quel* of counsel), for appellants.

*Abraham Levine* for respondents.

BELDOCK, J. On May 14, 1953, the infant plaintiff, thirteen years old, sustained injuries when he ripped his hand on a sharp hook used for the hanging of maps, which hook was placed beneath an electric light switch in his classroom in P. S. No. 4, borough of Queens. The injury required eleven sutures, and it is claimed that his hand is disfigured with a hideous scar four and a half inches long.

On February 4, 1954, six months after the expiration of the ninety-day period allowed by statute for filing a notice of claim (General Municipal Law, § 50-e, subd. 1), the infant's mother retained an attorney, whose motion for leave to file a late notice of claims was granted.

The moving papers are based upon an affidavit of the mother. The facts stated are: Immediately upon the happening of the accident the infant's teacher sent him to the principal, who in turn sent him to the school nurse. First-aid treatment was given by the nurse. The infant was taken to St. John's Hospital in an automobile driven by another teacher and there treated. This teacher drove the infant home and advised the mother of the accident. Within a week, the mother visited the class teacher. She also visited the principal, inquiring as to the steps to be taken with respect to the infant's injuries. The principal promised that " she would advise " the mother. The mother relied on the statement of the principal and did nothing further until January 18, 1954. She then telephoned the principal " who apologized for not contacting " her sooner, and stated " for the first time " that it was necessary for the mother to report the accident to the superintendent of schools. The mother thereupon consulted a lawyer, who made the instant application.

In urging reversal of the order, the primary contention of appellants is that the failure to file was not by reason of infancy or mental or physical disability within the meaning of section 50-e of the General Municipal Law. The pertinent part of section 50-e is as follows:

" 5. Where the claimant is an infant, or is mentally or physically incapacitated, and by reason of such disability fails to serve a notice of claim as provided in the foregoing subdivisions of this section within the time limited therefor * * * the court, in its discretion, may grant leave to serve the notice of claim within a reasonable time after the expiration of the time specified in subdivision one.

" Application for such leave must be made within the period of one year after the happening of the event upon which the claim is based, and shall be made prior to the commencement of an action to enforce the claim, upon affidavit showing the particular facts which caused the delay, accompanied by a copy of the proposed notice of claim."

In considering this section, the Court of Appeals, in *Matter of Martin v. School Bd. (Long Beach)* (301 N. Y. 233), cited the following introductory statement of the Judicial Council in its recommendation to the Legislature in dealing with the subject (pp. 236–237) : " ' The requirement of notice is one of the safeguards devised by the law to protect municipalities against fraudulent and stale claims for injuries to person and property. It is designed to afford the municipality opportunity to make an early investigation of the claim while the facts surrounding the alleged claim are still " fresh ". On the other hand, " these provisions (notice statutes) were not intended as a trap for the unwary and the ignorant." An examination of the decisional law, however, indicates that far too often technicalities in this field have prevented the disposition of honest claims on their merits.' (Tenth Annual Report of N. Y. Judicial Council, 1944, p. 265, inner quotations from 17 Corn, L. Q. 687, 689 [1932].) "

In other words, if the claim is honest and the municipality has an opportunity to make its investigation within a reasonable time, the court has discretion to grant leave to an infant to serve a belated notice of claim (provided not more than one year has elapsed).

In the case at bar we are not dealing with a fraudulent or stale claim. There can be no doubt that the employees of the board of education had knowledge of all the facts immediately upon the happening of the accident. It is therefore clear that the " safeguards devised by the law to protect municipalities against fraudulent and stale claims " have not been violated.

The question here presented is whether a child of tender years should be deprived of his day in court because he or his parents neglected to file the notice of claim within the prescribed time.

In its subsequent or Eleventh Annual Report (1945, p. 51), the Judicial Council pointed out that the purpose of the statute is " to rectify the frequent and often gross injustices by which defects in form have prevented consideration on their merits of claims against municipal corporations."

Under the general rule of statutory construction, it is always presumed that no unjust or unreasonable result was intended by

the Legislature '' and the statute, unless the language forbids, must be given an interpretation and application consonant with that presumption.'' (*Matter of Breen* v. *New York Fire Dept. Pension Fund,* 299 N. Y. 8, 19.)

Accordingly, an interpretation of section 50-e in such a manner as would deny an infant of thirteen years of age his day in court because of late filing, where the claim is honest and the circumstances surrounding the accident are readily ascertainable, would accomplish a result contrary to the intendment of the statute.

There are a number of decisions in this department involving late filing.

In *Matter of Nori* v. *City of Yonkers* (274 App. Div. 545, affd. 300 N. Y. 632) a twenty-year-old infant was injured while playing baseball, under the auspices of a private athletic society, on a field maintained by defendant city. The society promised to pay the infant the expense incurred for the treatment of his injuries, but shortly after the expiration of the statutory period repudiated its promise. In denying the application for leave to file a belated notice of claim, we held that the failure to file was not by reason of infancy but because of the infant's reliance on the society's promise.

In *Matter of Lustig* v. *City of New York* (278 App. Div. 716) leave for late filing was denied to a twelve-year-old boy, in whose behalf an application was made one day before the expiration of one year after the accident, on the authority of the *Nori* case (*supra*).

In *Matter of Adanuncio* v. *City of New York* (281 App. Div. 763, affg. 200 Misc. 676) this court, on the authority of the *Nori* and *Lustig* cases (*supra*), denied leave to file a late notice of claim where a fifteen-year-old infant was injured while riding a horse which came into contact with a dangerous chemical that had been deposited upon a vacant lot owned by the City of New York.

In *Matter of Bosh* v. *Board of Educ. of City of N. Y.* (282 App. Div. 887) this court on the authority of the foregoing cases denied leave to file a late notice of claim to a fifteen-year-old infant who, as in the case at bar, sustained injuries in a classroom. The ground assigned was that the failure to file in time was not '' by reason of the claimant's infancy and no other disability prevented timely filing.''

On the other hand, leave for late filing was granted in *Matter of Balbach* v. *Central School Dist. No. 1* (278 App. Div. 710,

motion for leave to appeal denied, 302 N. Y. 947), where a seventeen-year-old boy was injured in a classroom. The ground assigned was that constructive fraud was practiced on the infant by an investigator of an insurance company.

In *Matter of Aufiero* v. *Town of Eastchester* (282 App. Div. 1048) leave for late filing was granted where the plaintiff, four years old, was injured in a public playground. While no notice of claim was filed, the facts of the accident were stated in a letter to the clerk of the village of Tuckahoe, who forwarded it to the Town of Eastchester, which in turn caused an investigation to be made.

In *O'Rourke* v. *Westchester Co. Playland Comm.* (283 App. Div. 874), leave to file belatedly was granted to a twelve-year-old claimant, who was injured while skating at Playland. There, the notice of claim in due form was erroneously filed with the County Attorney of Westchester County instead of with the Playland Commission.

The last two cited cases indicate a trend toward a more liberal interpretation of the statute and follow the decisions of the Third Department to which reference will now be made.

In *Natoli* v. *Board of Educ. of City of Norwich, N. Y., Union Free School Dist. No. 1* (277 App. Div. 915, affd. 303 N. Y. 646) the Third Department granted leave to file a late notice of claim to an eight-year-old boy who sustained injuries when he fell from a fire escape in a school building.

In *Matter of Gaddis* v. *Board of Educ., Central School Dist. No. 1* (278 App. Div. 1038, affg. 200 Misc. 44) the Third Department permitted late filing to a fourteen- or fifteen-year-old boy, on the ground that the delay was due to the infant's lack of understanding to comprehend the applicable statute.

Finally, in *Matter of Hogan* v. *City of Cohoes* (279 App. Div. 282) the Third Department permitted late filing on the ground that the thirteen-year-old claimant did not have the mental capacity to protect his rights, citing the *Natoli* case (*supra*). What was said by FOSTER, P. J., in his opinion for the unanimous court in the *Hogan* case (*supra*) is particularly applicable to the case at bar (p. 285):

" Prior to the enactment in 1945 (L. 1945, ch. 694) of section 50-e of the General Municipal Law there were many decisions relative to the late filing of claims in cases of infants that are of little value now. However one principle was established that still remains important. It was held that the rights of an infant were not forfeited because a parent did not perform for the

infant where performance was excused because of infancy (*Murphy* v. *Village of Fort Edward,* 213 N. Y. 397; *Russo* v. *City of New York,* 258 N. Y. 344). We assume, and the Special Term so recognized, that this principle was not destroyed, within the limits of a year, by the enactment of section 50-e. We are unable to perceive any vital distinction between the neglect of a parent and the laches of an attorney (*Natoli* v. *Board of Educ. of City of Norwich,* 277 App. Div. 915, affd. 303 N. Y. 646). In either case an infant thirteen years of age has not the mental capacity to protect his or her rights.

"The essence of the problem presented here is what the Legislature intended by the use of this language ' and by reason of such disability fails to serve a notice of claim '. We think it must have meant that where the delay in filing was reasonably attributable in any substantial degree to the fact of infancy the courts might grant relief within the period of a year. Any other construction is repugnant to the view that an infant is a ward of the court, and to the principle that the rights of an immature infant shall not be forfeited because of the failure of some other party to act. We think the Special Term construed the statute too narrowly, and that the infant's claim comes within the doctrine expressed."

In the *Nori* case, decided in 1950, the Court of Appeals (300 N. Y. 632, *supra*) affirmed a determination by our court (274 App. Div. 545, *supra*), which *denied leave* for late filing to a twenty-year-old infant. In the *Natoli* case, decided in 1951, the Court of Appeals (303 N. Y. 646, *supra*) affirmed the determination by the Third Department (277 App. Div. 915, *supra*), which *granted leave* for late filing to an eight-year-old infant. There is no inconsistency or conflict between these two decisions of the Court of Appeals. In each case, the Court of Appeals held that the respective Appellate Divisions had the power, under the particular facts there presented, to exercise discretion, one in favor of denying and the other in favor of granting, leave for late filing.

Under the circumstances of the case at bar and upon a reasonable interpretation of section 50-e, the exercise of discretion by Special Term in granting leave to the infant plaintiff to serve the late notice of claim was proper.

However, the protection accorded the infant under this section does not enure to the mother.

The order should be modified on the law and the facts by striking therefrom the ordering paragraph and by substituting

in place thereof a provision granting the application as to the infant plaintiff and another provision denying the application as to plaintiff Anna Biancoviso, individually. As so modified, the order should be affirmed, without costs.

WENZEL, Acting P. J., MACCRATE and SCHMIDT, JJ., concur.

Order modified on the law and the facts by striking therefrom the ordering paragraph and by substituting in place thereof a provision granting the application as to the infant plaintiff and another provision denying the application as to plaintiff Anna Biancoviso, individually. As so modified, order affirmed, without costs.