In the Matter of MOLLIE ROSENBERG, Appellant, against CITY OF NEW YORK, Respondent. In the Matter of MARVIN ROSENBERG et al., Infants, by MOLLIE ROSENBERG, Appellants, against CITY OF NEW YORK, Respondent.— These are appeals from separate orders denying applications for leave to file notices of claim after the expiration of ninety days, pursuant to subdivision 5 of section 50-e of the General Municipal Law. Order denying application of appellant Mollie Rosenberg affirmed, without costs. The appellant as well as someone on her behalf was capable of executing a notice within the statutory period. (*Matter of Halloran* v. *Board of Educ. of City of N. Y.,* 271 App. Div. 830; *Matter of Haas* v. *Incorporated Village of Cedarhurst,* 272 App. Div. 1031; *Matter of Sullivan* v. *Town of Babylon,* 277 App. Div. 791; *Matter of Donovan* v. *Board of Educ. of Peekskill Union Free School Dist.,* 277 App. Div. 904; *Matter of Johnson* v. *City of New York,* 278 App. Div. 945.) Order denying application on behalf of appellants Marvin and Gloria Rosenberg reversed on the facts, without costs, and application granted, without costs. There are no circumstances which preclude, within the exercise of discretion, the granting of the motion on behalf of these infants. (*Biancoviso* v. *City of New York,* 285 App. Div. 320.) It is apparent that the city has knowledge of the condition of the roadway of the bridge. Nolan, P. J., Schmidt, Beldock and Murphy, JJ., concur; Wenzel, J., concurs in the reversal of the order denying the application made on behalf of the infant appellants and the granting of that application, but dissents from the affirmance of the order denying the application of appellant Mollie Rosenberg and votes to reverse that order and to grant the application, with the following memorandum: It appears that appellant Mollie Rosenberg sustained fractures of the nose, right radius, right ulna, left tibia, left fibula, left femur, various ribs and her sternum. Grave though the condition of this woman must have been from such shattering injuries, more important for the determination of this application is that she also sustained a concussion of the brain. She was hospitalized for seventy-seven days, which left her thirteen days thereafter in which to serve a notice of claim. She states, however, that she was mentally incapacitated for one hundred five days after the accident by reason of the administration of drugs. In view of her very extensive and serious injuries, I do not find this hard to believe.