Henry A. Hudson, J.
This is an application by the infant plaintiff for permission to file a late claim pursuant to subdivision 5 of section 50-e of the General Municipal Law. The alleged injury was sustained by the infant on September 9, 1955 when he was engaged in football practice activities under the direction of an assistant coach of the Watertown High School. The infant sustained a broken wrist, the condition being made known to the assistant coach immediately and the infant being taken to a local hospital by the assistant coach. The infant was 15 years of age at the time of his injury.
It is urged on behalf of the infant that he and his father were advised by the school authorities that his expenses would be paid. They were paid through an insurance carrier for the board of education to the extent of $500 which was the limit of insurance coverage for medical and hospital expenses. The additional expenses which were necessarily incurred over and *441 above $500 were not paid. The infant’s father urges that no claim was filed immediately because of the promise of payment and because some other members of the immediate family were in the employ of the board of education. In any event neither the infant nor his father consulted counsel until April of 1956. Counsel for the infant did not make an application to file a late claim until August, 1956.
It is urged on behalf of the defendant that the delay by counsel in making the application of four months is sufficient to deny the infant the right to an order permitting a late filing under subdivision 5 of section 50-e and that the court, because of such four months’ delay is not entitled to exercise discretion to permit the filing of the claim. It is further urged on behalf of the defendant that it has never received any information which would put it on notice that a claim for injury to the infant other than his medical and hospital bills would be made and that consequently its insurance carrier, which covered them for liability other than hospital and medical expenses refused to acknowledge liability because of the delay in filing notice of claim particularly the delay of four months after counsel had been retained in behalf of the infant.
There are innumerable cases in which the question here involved has been passed upon by the courts. In many of these cases the courts have held that a strict interpretation of subdivision 5 of section 50-e must be given by the court and that the words, “ Where the claimant is an infant * * * and by reason of such disability fails to serve a notice of claim ”, must be interpreted to require the infant to show that his failure to file was the result of his infancy alone and could not be extended to include negligence or laches upon the part of his guardian, parent or attorney. In just as many cases the courts have held that inasmuch as an infant is the ward of the court, the rights of an immature infant should not be forfeited because of the failure of some other party to act. In every case the facts and circumstances of the particular case have a great bearing upon the extent to which the court will exercise discretion. This is true because the purpose of the short Statute of Limitations for the filing of a claim is to insure to a municipality a reasonable opportunity to investigate and ascertain the facts and circumstances surrounding the infant’s injury and to prevent the making of a claim on behalf of an infant so long after the happening of an event that no reasonable investigation can be made.
In the present case the board of education had immediate notice of the injury. The assistant coach in charge of the *442 activities in which the infant was engaged caused his removal to the hospital. The board’s insurance carrier covering its liability for medical expenses paid the full amount of its coverage to the infant’s father. The fact that the board of education may not have seen fit to notify some other insurance carrier of the injury is a matter strictly between the board of education and its insurance carrier and has no bearing whatsoever, in my opinion, upon the rights of the infant or upon the right of the court to determine whether its discretion should be exercised in the matter of allowing the filing of a late claim.
In Matter of Mathusa v. Board of Educ. (202 Misc. 1010), the court, following Matter of Hogan v. City of Cohoes (279 App. Div. 282) held that its discretion should be exercised to permit a claim to be filed on behalf of an infant within one year from the date of the injury upon the theory that an immature infant should not have his rights forfeited because of the failure of his guardian or his attorney to act within the prescribed statutory period.
In Matter of Hogan v. City of Cohoes (supra) the court stated (p. 285): “ The essence of the problem presented here is what the Legislature intended by the use of this language ‘ and by reason of such disability fails to serve a notice of claim ’. We think it must have meant that where the delay in filing was reasonably attributable in any substantial degree to the fact of infancy the courts might grant relief within the period of a year. Any other construction is repugnant to the view that an infant is a ward of the court, and to the principle that the rights of an immature infant shall not be forfeited because of the failure of some other party to act. We think the Special Term construed the statute too narrowly, and that the infant’s claim comes within the doctrine expressed.” I subscribe to this interpretation of the meaning of that portion of subdivision 5 of section 50-e of the General Municipal Law “ Where the claimant is an infant * * * and by reason of such disability fails to serve a notice of claim ”.
I do not feel that the failure of an infant 15 or 16 years of age after he knew that attorneys had been consulted to press them to act promptly should require the court to refuse to permit a late filing of a claim within one year of the occurrence of the injury. Such a failure should be considered in the case of an infant to have occurred by reason of such disability. This is particularly true when the facts and circumstances are as they exist in this case, namely, that the board of education had immediate notice of. the injury, its cause and the immediate confinement of the infant in the hospital with injuries resulting *443 in medical and hospital expenditures in excess of the insurance coverage carried by them. This application for the filing of a late claim is limited solely to the right of the infant to file such a claim and as such is allowed.
Order may be submitted in accordance with this decision, without costs to either party.