■ In the Matter of DONALD BLUMBERG et al., Respondents, against BOARD OF EDUCATION OF THE NORTH MERRICK UNION FREE SCHOOL DISTRICT NO. 29 et al., Appellants.— Appeal from an order granting leave to serve and file a notice of claim pursuant to section 50-e of the General Municipal Law. Order modified on the law and the facts by striking therefrom the ordering paragraphs and by substituting in place thereof a provision that the application be granted in behalf of the infant, and denied in behalf of the parents. As so modified, order affirmed, without costs. (Biancoviso v. City of New York, 285 App. Div. 320.) Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ., concur.

■ In the Matter of EDWARD W. BROOKS, Appellant, against ROBERT C. WEAVER, as State Rent Administrator, Respondent.— Appellant leased a furnished apartment and thereafter, against the landlord's objections, removed and stored some of the furniture, and declined to replace it in the apartment. The State Rent Administrator fixed the maximum rent of the apartment as furnished. In this proceeding, the petition seeks to annul the respondent's determination and to fix the rent for the apartment unfurnished. The appeal is from an order denying the petition and dismissing the proceeding. Order unanimously affirmed, with $10 costs and disbursements. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ.

■ In the Matter of HILLIARD J. COAN et al., Respondents, against RUDOLPH R. WEBER et al., Constituting the Board of Trustees of the Incorporated Village of Farmingdale, Nassau County, et al., Respondents, and MAX ZEITLER et al., Intervenors-Appellants.— Appeal from an order directing the respondent village officials to correct the minutes of the village board of trustees. On April 23, 1956, the board of trustees voted 4 to 1 for the adoption of a resolution changing the local building zone ordinance and the local use district map, but the board further resolved that the above resolution was not carried, inasmuch as section 179 of the Village Law provided for a unanimous vote. Section 179 was amended, effective April 17, 1956, to provide for a three-fourths vote (L. 1956, ch. 759). Appellants contend that the amendment to section 179 of the Village Law does not apply because the application for a change of zone was made prior to April 17, 1956, and that, in any event, the application is governed by section 140 of the local zoning ordinance which provides for a unanimous vote. Order unanimously affirmed, with one bill of $10 costs and disbursements to respondents Coan and Diamond. No opinion. Present — Beldock, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.