Benjamin Brenner, J.
Motion under section 50-e of the General Municipal Law for leave to serve and file a tardy notice of claim. Infant plaintiff, 13 years of age, sustained a knee injury on November 22,1956, due to an allegedly defective sidewalk. Notice of claim was served July 10, 1957, approximately eight months thereafter. The injury appeared to consist of a bruise and the examining physician informed the infant’s mother that it would disappear. Several months later, when the knee buckled and the pain increased, the infant’s hip was X-rayed whereupon surgery to the right femoral epiphysis was decided upon. The operation was performed on April 29, 1957, and the infant was kept in the hospital until June 14, 1957. Several weeks after her discharge an attorney was retained and the notice of claim served. An infant’s action to recover for a serious injury should not be forfeited if that injury appears originally to be trivial, since because of infancy, the claimant is a ward of the court. This must necessarily be so because the infant is frequently incapable of fully expressing the nature and extent of fits injuries. The holding in Schnee v. City of New York (1 N Y 2d 697) is not controlling because there the infant was 20 years of age and failure to timely file was not by reason of infancy. Here the delay is directly due to infancy, so a denial of leave for a late filing would constitute punishment of the innocent (Matter of Martin v. School Bd. [Long Beach], 301 N. Y. 233). Strict construction of section 50-e of the General Municipal Law seems the exception rather than the rule and the courts currently appear more liberal in *1029 exercising discretion under that statute (Biancoviso v. City of New York, 285 App. Div. 320). It additionally occurs to me that the withholding of claims for inconsequential injuries is to be encouraged. Where it appears credible that a diagnosis is made in error and more serious injuries develop refusal to permit a late filing in behalf of the infant would defeat this rather worthwhile purpose. As to the claim of the mother for medical expenses, there is no legal basis for allowing the late filing of her notice. Accordingly, this application is granted as to the infant plaintiff and denied as to the plaintiff Charlotte Sinsmeister. Settle order on notice.