Henry A. Hudson, J.
This is an application by the infant petitioner for permission to file a late claim pursuant to subdivision 5 of section 50-e of the General Municipal Law and sections 52 and 53 of the County Law.
*52 On July 31, 1956, the infant petitioner sustained injuries as a result of a collision between the automobile driven by him and an automobile owned by the County of Onondaga and operated by James Haney, employee of said county. The circumstances surrounding the accident are undisputed in any of the motion papers submitted to the court.
The following facts are conceded by both parties: the infant was 17 years of age at the time of the happening of the accident; no notice of claim was filed within the 90-day period allowed by section 50-e of the General Municipal Law and sections 52 and 53 of the County Law; following the receipt of a report of the accident, representatives of the insurance carrier representing Onondaga County contacted and conferred with Louis Friend, father and natural guardian of the infant and the infant petitioner and arranged for a physical examination of the infant to be made; such an examination was conducted October 22,1956; thereafter negotiations for a settlement of the claim were had between the father of the infant and the insurance carrier, commencing soon after the accident and continuing up to about February 1, 1957 without infant petitioner’s being represented by counsel.
It further appears from the supporting affidavit of Louis Friend, father of the infant petitioner that during the Spring of 1957 he retained as counsel for the infant petitioner the firm of attorneys now appearing on the instant motion and that further negotiations toward a settlement of the infant’s claim were carried on between the insurance carrier and the infant petitioner’s attorneys and Louis Friend but without success as it is alleged on May 22, 1957 that an offer of settlement made by the insurance carrier was withdrawn and the infant plaintiff’s attorneys were informed that the insurance company’s home office would rely upon the need for statutory notice.
The affidavit of Louis Friend also alleges as a reason for the failure to timely file and serve such claim that he had been consistently advised by a representative of the insurance carrier that: ££ he had nothing to worry about and that he should not see an attorney, but that the insurance company would make proper adjustment of his claim. * * *
£ £ Relying upon this assurance, which deponent believed, deponent and his son did not file any claim, nor was your deponent or his son aware that it was necessary that there was a. requirement that he must file a claim ’ ’.
The above statements are categorically denied by William G. O’Brien, claims representative of the insurance carrier who *53 states in his supporting affidavit: “ that the first conversation or communication of any kind in reference to settlement of this claim which he had with either of them, was a conversation at deponent’s home with Louis Friend on December 14, 1956, long after the required period for filing a claim had expired.”
Counsel for both parties have submitted authorities urging the contentions of their clients and the court is well aware that there is much conflicting case law on both sides of the question. This court has heretofore held in Matter of Short v. Board of Educ. of City of Watertown (12 Misc 2d 440), following the decision in the case of Matter of Balbach v. Central School Dist. No. 1 of Town of Crawford (278 App. Div. 710, motion for leave to appeal denied 302 N. Y. 947), that where the delay in filing was reasonably attributable in any substantial degree to the fact of infancy, the courts might grant relief within the period of a year.
The interpretation of the court as expressed in Biancoviso v. City of New York (285 App. Div. 320, 324-325) seems particularly applicable to the instant case:
“ Prior to the enactment in 1945 (L. 1945, eh. 694), of section 50-e of the General Municipal Law there were many decisions relative to the late filing of claims in cases of infants that are of little value now. However, one principle was established that still remains important. It was held that the rights of an infant were not forfeited because a parent did not perform for the infant where performance was excused because of infancy (Murphy v. Village of Fort Edward, 213 N. Y. 397; Russo v. City of New York, 258 N. Y. 344). We assume, and the Special Term so recognized, that this principle was not destroyed, within the limits of a year, by the enactment of section 50-e. We are unable to perceive any vital distinction between the neglect of a parent and the laches of an attorney (Natoli v. Board of Educ. of City of Norwich, 277 App. Div. 915, affd. 303 N. Y. 646). In either case an infant thirteen years of age has not the mental capacity to protect his or her rights.
‘ ‘1 The essence of the problem presented here is what the Legislature intended by the use of this language “ and by reason of such disability fails to serve a notice of claim”. We think it must have meant that where the delay in filing was reasonably attributable in any substantial degree to the fact of infancy the courts might grant relief within the period of a year. Any other construction is repugnant to the view that an infant is a ward of the court, and to the principle that the rights of an immature infant shall not be forfeited because of the failure *54 of some other party to act. We think the Special Term construed the statute too narrowly, and that the infant’s claim comes within the doctrine expressed. ’ ”
See, also, Matter of Paris (118 N. Y. S. 2d 407, 409-410): “ Matter of Nori v. City of Yonkers, 274 App. Div. 545, 85 N. Y. S. 2d 131, affirmed 300 N. Y. 632, 90 N. E. 2d 492, is not a contra authority. In that case the infant was twenty years of age. The Court in reaching its conclusion, citing the Tenth Annual Report of the New York Judiciary Council, stated [274 App. Div. 545, 85 N. Y. S. 2d 133]: ‘ The purpose of the express provisions in the statute under consideration with respect to infancy as a disability in connection with notices of claim was to codify “ the decisional law of New York.” ’
‘ ‘ In reviewing the decisional law the Court categorized the three periods of infancy, the rules with respect thereto and the authorities referable to them. The authorities as there pointed out held that as to infants approximately ten years of age or less the statute is not strictly enforced, whereas as to infants between eighteen and twenty the statutory requirements were strictly enforced. ‘ Between these two periods lies a middle period where the infant may or may not be held to the provisions of the statute under the facts of the case as the jury may determine. ’ 274 App. Div. at page 547, 85 N. Y. S. 2d 133.
“ The Court is aware of the holding in Matter of Lustig v. City of New York, Sup. 106 N. Y. S. 2d 131, affirmed 278 App. Div. 716, 104 N. Y. S. 2d 65. This Court is, however, of the opinion that the view therein expressed has been modified by the holding in Balbach v. Central School District No. 1 of Town of Crawford, 278 App. Div. 710, 103 N. Y. S. 2d 342, 343, leave to appeal denied 302 N. Y. 947, 99 N. E. 2d 562.” (Emphasis supplied.)
See, also, Weingard v. City of New York (124 N. Y. S. 2d 198, 200): “If. the contention of the Board of Education is valid, that the delay in the instant case in serving the notice of claim is attributable exclusively to the attorney’s neglect rather than to the disability of the infancy, then it may be urged that the delay in the Balbach case was due to the protracted settlement negotiations of claimant’s father with the insurance company rather than the disability of infancy. Apparently, however, the Appellate Division concluded otherwise.”
The county’s insurance carrier was apprised of the circumstances surrounding the accident shortly after its happening and availed itself through its investigators and representatives of the opportunity to examine the infant plaintiff, to investigate the circumstances of the accident and to have a medical examina *55 tion of the infant petitioner by its own physician. Therefore, no prejudice can result to the county in that respect.
Relief, in the discretion of the court, jn my opinion is warranted by the facts and circumstances in this case. The failure of the infant, 17 years of age, to file a claim when he knew that negotiations were being conducted between his father and the insurance carrier looking toward settlement of the case does not require the court to refuse to permit a late filing of a claim within one year of the occurrence of the injury. Under the circumstances of this case, in my opinion, the failure to file a claim should be considered to have occurred by reason of his infancy. (Matter of Balbach v. Central School Dist. No. 1, 278 App. Div. 710, supra; Matter of Hogan v. City of Cohoes, 279 App. Div. 282, 284-285.)
The motion of petitioner-respondent in support of his application under section 50-e of the General Municipal Law and sections 52 and 53 of the County Law for leave to file and serve after the statutory period, a notice of claim in behalf of the infant petitioner for damages resulting from personal injuries suffered by the infant petitioner is granted and is limited solely to the right of the infant to file such a claim. Order in accordance herewith, without costs.