■ PHILIP FABRIZIO, Respondent, v. CARL FADER et al., Copartners Doing Business under the Name of EASTERN STORE FRONT COMPANY, Appellant.— DOMINIC CARPENTIERRE, Respondent, v. CARL FADER et al., Copartners Doing Business under the Name of EASTERN STORE FRONT COMPANY, Appellant.— In a consolidated action by two motor vehicle passengers against its owner to recover damages for personal injuries, each answer contains two separate affirmative defenses alleging that section 29 of the Workmen's Compensation Law is a bar to the action because the operator of the motor vehicle was a fellow employee of the injured passengers. The appeal is from an order striking out those defenses as insufficient (Rules Civ. Prac., rule 109). Order affirmed, with $10 costs and disbursements. Not only is section 29 of the Workmen's Compensation Law insufficient to preclude recovery, but there is no allegation in the defenses that the passengers and the operator were engaged in the course of the business of their common employer at the time of the happening of the accident. Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ In the Matter of the Claim of MARY CIAFFONE, an Infant, Respondent, et al., Claimant, against BOARD OF EDUCATION OF CENTRAL SCHOOL DISTRICT No. 1 OF THE TOWNS OF CORNWALL, NEW WINDSOR AND WOODBURY et al., Appellants.— Appeal from so much of an order as granted leave, pursuant to subdivision 5 of section 50-e of the General Municipal Law, to serve a notice of claim in behalf of an injured infant. Order insofar as appealed from unanimously affirmed, with $10 costs and disbursements. The infant was seven years of age. The school authorities were promptly notified of the accident, and her teacher, an appellant herein, took her to the school office. The infant was then taken to the school doctor and to a hospital. Therefore, there was no prejudice from the failure to file a timely notice of claim. The insurance carrier for the school district communicated with the infant's father. Forty-five days after the accident, the infant's parents retained attorneys

who corresponded with the insurance carrier. A seven-year-old child does not have the mental capacity to protect her rights. In substantial degree the delay in filing was attributable to the fact of infancy, and there was a definite relationship between that fact and the failure to file within the 90-day statutory period. The Special Term properly exercised its discretion (*Natoli* v. *Board of Educ. of City of Norwich,* 277 App. Div. 915, affd. 303 N. Y. 646; *Matter of Hogan* v. *City of Cohoes,* 279 App. Div. 282; *Biancoviso* v. *City of New York,* 285 App. Div. 320). Present— Nolan, P. J., Wenzel, Beldock, Murphy and Hallinan, JJ.