from using "Hershey" or "Hershey's" in the sale of said products in the United States. Plaintiff appeals from so much of a judgment entered after trial as dismissed the complaint, and defendants appeal from so much of said judgment as dismissed their counterclaims. Judgment unanimously affirmed, without costs. No opinion. Present — Beldock, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ. [4 Misc 2d 812.]

■ In the Matter of the Appointment of a Committee of the Person and Property of GLADYS BARROT, an Alleged Incompetent Person. RUTH BRENNER et al., Appellants; LAFAYETTE NATIONAL BANK OF BROOKLYN IN NEW YORK et al., as Committee of the Estate of GLADYS BARROT, an Alleged Incompetent Person, et al., Respondents.— Appeal from a resettled order denying appellants' motion to vacate all proceedings herein, and for other relief. Order affirmed, without costs. No opinion. Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ., concur.

■ In the Matter of the Appointment of a Committee of the Person and Property of GLADYS BARROT, an Alleged Incompetent Person. LEO MOSKOWITZ, Appellant; JOSEPH N. KLAPPER, as Cocommittee of the Estate of GLADYS BARROT, an Alleged Incompetent Person, et al., Respondents.— Appeal from an order making various allowances and directing that the committee of the estate pay said allowances. Order affirmed, without costs. No opinion. Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ., concur.

■ In the Matter of the Appointment of a Committee of the Person and Property of GLADYS BARROT, an Alleged Incompetent Person. LEO MOSKOWITZ, Appellant; LAFAYETTE NATIONAL BANK OF BROOKLYN IN NEW YORK et al., as Committee of the Estate of GLADYS BARROT, an Alleged Incompetent Person, et al., Respondents.— Appeal from an order which, inter alia, appointed a committee of the estate of an incompetent person and a committee of her person. Order unanimously affirmed, with costs, payable out of the estate. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ.

■ In the Matter of ROBERTA LUNDELL, an Infant, by CARL F. LUNDELL, Her Guardian ad Litem, Respondent, against BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT NO. 7 OF THE TOWN OF MONTGOMERY, ORANGE COUNTY, Appellant.— Appeal from an order granting leave to serve a notice of claim on behalf of an injured infant after the expiration of the 90-day statutory period. (General Municipal Law, § 50-e; Education Law, § 3813.) Order unanimously affirmed, with $10 costs and disbursements. (Biancoviso v. City of New York, 285 App. Div. 320; Matter of Rosenberg v. City of New York, 285 App. Div. 1085, revd. on another ground 309 N. Y. 304; Matter of Blumberg v. Board of Educ. of North Merrick Union Free School, 2 A D 2d 986.) Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ.

■ HENRY LEVINE, Respondent, v. SECURITY MUTUAL LIFE INSURANCE COMPANY, Appellant.— In an action by a general agent of an insurance company to recover a balance alleged to be due him from the company under contracts between the parties, the company appeals from an order denying its motion to change the place of trial from Queens County, where the general agent resides, to Broome County, where the company has its principal office. Various contracts between the parties were entered into in New York County, where respondent maintained his office, and where appellant also maintained an office. The motion to change the place of trial was made more than seven months after issue was joined. Order affirmed, with $10 costs and disbursements. No opinion. Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.