Milton A. Wiltse, J.
This matter was brought on by a motion on behalf of the infant claimant, returnable on July 14, 1959. It is in the nature of an application for permission to file a late claim, pursuant to subdivision 5 of section 50-e of the General Municipal Law, by the infant against the City of Watertown.
The claimant, Catherine M. Spicer, was an infant of the age of 14 years on July 23,1958. On said date, she sustained injuries on and about her head when she struck same on the bottom of the John Q. Adams Swimming Pool. Said swimming pool was *757 then operated and supervised by the City of Watertown. After the happening of said occurrence, she was attended at the scene by a life guard. Said life guard thereafter made a written report of same to the Recreation Department of the City of Watertown. The said infant first consulted legal counsel on September 15, 1958. She had previously been attended by a physician. Her counsel contacted the attending physician but did not receive a medical report until November 4, 1958. The expiration date for the filing of the claim was October 20, 1958. The infant’s claim was not filed until December 8, 1958. Her counsel contends that he did not wish to file a claim until receiving the medical report.
The Corporation Counsel contends, on behalf of the City of Watertown, that under such circumstances the claimant has failed to show that failure to serve a notice of claim, within the 90-day statutory period, was due to her infancy.
Many cases are cited by both counsel having to do with the interpretation of the section in question.
The reasoning of the court in the Matter of Hogan v. City of Cohoes (279 App. Div. 282) with regard to the section under consideration here, was stated at page 285:
“ Prior to the enactment in 1945 (L. 1945, eh. 694) of section 50-e of the General Municipal Law there were many decisions relative to the late filing of claims in cases of infants that are of little value now. However one principle was established that still remains important. It was held that the rights of an infant were not forfeited because a parent did not perform for the infant where performance was excused because of infancy (Murphy v. Village of Fort Edward, 213 N. Y. 397; Russo v. City of New York, 258 N. Y. 344). We assume, and the Special Term so recognized, that this principle was not destroyed, within the limits of a year, by the enactment of section 50-e. We are unable to perceive any vital distinction between the neglect of a parent and the laches of an attorney (Natoli v. Board of Educ. of City of Norwich, 277 App. Div. 915, affd. 303 N. Y. 646). In either case an infant thirteen years of age has not the mental capacity to protect his or her rights.
“ The essence of the problem presented here is what the Legislature intended by the use of this language 1 and by reason of such disability fails to serve a notice of claim ’. We think it must have meant that where the delay in filing was reasonably attributable in any degree to the fact of infancy the courts might grant relief within the period of a year. Any other construction is repugnant to the view that an infant is a ward of the court, and to the principle that the rights of an immature infant *758 shall not be forfeited because of the failure of some other party to act.”
The reasoning of the court in Matter of Mathusa v. Board of Educ. (202 Misc. 1010) followed that in the case above cited, and the conclusion was reached that the court’s discretion should be exercised to permit a claim to be filed on behalf on the infant within one year from the date of the injury, upon the theory that an immature infant should not have his rights forfeited because of the failure of his guardian or attorney to act within the prescribed statutory period.
A similar conclusion was reached by the court in Matter of Short v. Board of Educ. of City of Watertown (12 Misc. 2d 440).
A similar conclusion is reached in the instant matter.
It is believed that the municipality had at least some knowledge of the accident on the date that it occurred. It would also be a harsh rule that would deprive an infant of the opportunity to file a late notice of claim when her problem had been timely presented to counsel, and she had relied upon the advice of counsel.
The application of the infant, Catherine M. Spicer, for permission to file a late claim, pursuant to subdivision 5 of section 50-e of the General Municipal Law, is granted.
An order may be submitted in accordance with the above.