■ In the Matter of the Claim of KENNETH KELSCH, an Infant, by His Guardian, ERWIN KELSCH, et al., Respondents, v. NEW YORK CITY TRANSIT AUTHORITY, Appellant.— In a proceeding under section 50-e of the General Municipal Law, the New York City Transit Authority appeals from so much of an order of the Supreme Court, Queens County, dated March 3, 1960, as grants to the infant claimant, 12 years of age, leave to serve a late notice of claim for personal injuries. The said order denies similar relief to the father individually with respect to his claim for medical expenses incurred as a result of such injuries, but no appeal is taken with respect to such denial. Order insofar as appealed from affirmed, without costs. (Cf. *Biancoviso* v. *City of New York*, 285 App. Div. 320; *Matter of Rosenberg* v. *City of New York*, 285 App. Div. 1085, revd. 309 N. Y. 304; *Matter of 'Hogan* v. *City of Cohoes*, 279 App. Div. 282.) Nolan, P. J., Ughetta, Pette and Brennan, JJ., concur; Christ, J., dissents and votes to modify the order so as to deny the motion as to the infant plaintiff as well as to the father, with the following memorandum: Section 50-e of the General Municipal Law requires a notice of claim to be served within 90 days after the claim arises. However, where the claimant is an infant and by reason of such disability has failed to serve a notice of claim within the time thus specified, the court, upon application made within one year after the happening of the event on which the claim is based, may grant leave to serve the notice within a reasonable time. The court should not exercise this discretion in

favor of the claimant unless it is satisfactorily established: (1) that there is merit to the claim; (2) that the failure to serve a timely notice is attributable to the infancy; and (3) that the delay has not materially prejudiced the defendant (*Biancoviso* v. *City of New York,* 285 App. Div. 320). Here a 12-year-old boy is involved. He is old enough to testify under oath and he is presumably an essential witness in this case. Yet, there is no affidavit by him as to the cause of the accident or as to the cause of the delay in serving the notice. The only affidavit submitted in support of the application is one by claimants' *trial counsel.* This affidavit is obviously completely hearsay, even though such counsel does not profess to make it on information and belief. It is simply a sworn statement by a lawyer as to facts concerning which he has no direct knowledge. It does not even give the sources of such information as it does contain. It states that the infant did not give the full facts to the attorney of record; but it fails to state what facts were given or what facts were omitted. Moreover, the moving affidavit is absolutely silent about the prejudice to the defendant by reason of the delay. On the other hand, the defendant claims that the delay has resulted in prejudice to it. The very nature of the accident as now stated gives rise to the view that, because of the lapse of 11 months without service of a notice of claim, defendant will have difficulty in preparing its defense. The privilege of serving a late notice of claim may not be extended or withheld by the courts as a matter of whim or caprice. The statute (General Municipal Law, § 50-e) means that the limit of 90 days is to be enforced, save where a sound discretion would extend it for those under disability. That discretion must be exercised only upon the presentation of all the material facts and the application of sound reason. Here such facts are absent and, in my opinion, no sound reason is or can be assigned. An affirmance here is contrary to the design and the intent of the statute (General Municipal Law, § 50-e).