■ In the Matter of the Estate of CHARLES W. CARPENTER, Deceased. WILLIAM MATTHEWS et al., Appellants; RUTH C. BENNETT, as Administratrix of the Estate of CHARLES W. CARPENTER, Deceased, Respondent.— In a proceeding by an administratrix to judically settle her final account, objectants (who had filed claims as creditors of the estate) appeal from so much of a decree of the Surrogate's Court, Queens County, dated July 6, 1960, as: (1) overruled their first objection (as amended) to the account, and (2) awarded commissions to said administratrix. Decree, insofar as appealed from, affirmed, with costs to respondent, payable out of the estate. No opinion. Beldock, P. J., Kleinfeld, Christ, Brennan and Rabin, JJ., concur.

■ In the Matter of ANTHONY SFORZA, Doing Business as CONSOLIDATED BEER AND SODA DIST. Co., Petitioner, v. MARTIN C. EPSTEIN et al., Constituting the State Liquor Authority, Respondents.— Proceeding pursuant to article 78 of the Civil Practice Act to review and annul a determination of the State Liquor Authority, made October 5, 1961, which revoked petitioner's wholesale beer license. By order of the Supreme Court, Suffolk County, dated November 15, 1961, made pursuant to section 1296 of the Civil Practice Act, the proceeding has been transferred to this court for disposition. Determination confirmed, without costs. No opinion. Beldock, P. J., Kleinfeld, Christ, Brennan and Rabin, JJ., concur.

■ In the Matter of RAYMOND P. WENZ, SR., Individually and as Guardian ad Litem of RAYMOND P. WENZ, JR., an Infant, Respondent, v. BOARD OF EDUCATION, UNION FREE SCHOOL DISTRICT No. 5, Appellant, and GERALD JEWELL, Respondent.— In a proceeding pursuant to section 50-e of the General Municipal Law for leave to serve a late notice of claim for personal injury, the Board of Education of Union Free School District No. 5 appeals from so much of an order of the Supreme Court, Nassau County, dated April 15, 1959, as granted the application in favor of the infant claimant. Order, insofar as appealed from, affirmed, with costs. On August 28, 1958, the infant claimant, aged 15 years and 10 months, was injured on the board's premises and removed to the hospital. His father spoke to the school nurse about the accident on the following day. Neither father nor son were aware of the requirements of section 50-e of the General Municipal Law. On February 13, 1959, the father consulted an attorney who brought the instant application on February 16, 1959. Under the circumstances, the order here was properly made (*Biancoviso* v. *City of New York*, 285 App. Div. 320; *Matter of Kelsch* v. *New York City Tr. Auth.*, 12 A D 2d 642). Beldock, P. J., Ughetta, Brennan, Rabin and Hopkins, JJ., concur.