■ In the Matter of FRANK PANDOLIANO, Individually and as Guardian ad Litem of VINCENT PANDOLIANO, an Infant, Respondent, v. NEW YORK CITY TRANSIT AUTHORITY, Appellant.— In a proceeding by an infant and an adult pursuant to statute (General Municipal Law, § 50-e, subd. 5; Public Authorities Law, § 1212, subd. 2), for leave to file a late notice of claim for damages for personal injuries, loss of services and medical expenses, the New York City Transit Authority appeals from so much of an order of the Supreme Court, Kings County, dated January 18, 1962, as granted the application with respect to the infant. Order, insofar as appealed from, affirmed on the facts and in the exercise of discretion, with costs. The infant was injured in a subway accident on May 30, 1961. He was then 15 years of age. On June 1, 1961, his parents retained an attorney for him. On August 9, 1961, the attorney served a notice of claim; but by inadvertence he served it upon the Comptroller of the City of New York instead of on the Transit Authority, as required by the statutes mentioned. The Special Term, in the exercise of its discretion, granted the application as to the infant only. We believe that under the circumstances here the Special Term properly exercised its discretion. While initially the error in serving the notice was made by the attorney, nevertheless, basically such error was also attributable, whether in greater or lesser degree, to the disabilities and limitations incident to the infant's infancy. In the exercise of a proper discretion, it is fair to conclude that the infant here may well have become alerted to the attorney's initial inadvertence and that he (the infant) would have caused a timely notice to be served on the proper party — if not for his lack of maturity, knowledge and understanding, and if not for the natural disabilities and limitations inherent in his infancy. It is indeed an unusual and extraordinary infant who, at the age of 15, has the mental capacity and acumen to assert promptly and properly all his legal rights, and to adequately protect such rights. In similar circumstances, we have so held and have permitted a late filing; and so has the Appellate Division in the Third Department (cf. *Biancoviso* v. *City of New York,* 285 App. Div. 320 [2d Dept.], and cases there cited; *Matter of Hogan* v. *City of Cohoes,* 279 App. Div. 282 [3d Dept.]). On the other hand, it appears that under similar circumstances the Appellate Division in the First Department has recently made a contrary determination, and that such determination was upheld without opinion or comment by the Court of Appeals (*Matter of Goglas* v. *New York City Housing Auth.,* 13 A D 2d 939, affd. 11 N Y 2d 680). Such affirmance by the Court of Appeals, however, connotes only its refusal to interfere with the lower courts' exercise of their discretion on the facts presented in that case, not its approval of the dis-

cretion thus exercised. Indeed, the Court of Appeals' affirmance emphasizes merely that in the final analysis the exercise of discretion must depend on the particular facts in each case, and that it will not interfere with the exercise of discretion either way by the Special Term or by the Appellate Division. Ughetta, Acting P. J., Kleinfeld and Hill, JJ., concur; Christ and Rabin, JJ., dissent and vote to reverse the order, insofar as appealed from, and to deny the infant's application to serve the late notice, with the following memorandum: In our opinion, on this record it is undisputed that the failure to serve a timely notice on the proper party was due exclusively to the actions of the attorney (cf. *Matter of Goglas* v. *New York City Housing Auth.*, 13 A D 2d 939, affd. 11 N Y 2d 680). Therefore, the Special Term holding that such failure was attributable to the disability or limitation arising out of infancy is arbitrary and constitutes an abuse of discretion as a matter of law. The same observation must necessarily be made with respect to the majority holding by this court. Indeed, on this record, it must be said that, as a matter of law " there is no room for the exercise of discretion " (*Bogle* v. *City of New York*, 299 N. Y. 620). Hence, the order should be reversed and the infant's application denied on the ground that, on the undisputed facts, the granting of the application was an abuse of discretion as a matter of law (cf. *People* v. *Scanlon*, 11 N Y 2d 459).