■ In the Matter of LYNETTE SMOLENSKI, an Infant, by BEATRICE SMOLENSKI, Her Mother, Respondent, v. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— In a proceeding under section 608 of the Insurance Law by an infant for leave to file with the Motor Vehicle Accident Indemnification Corporation a late affidavit stating an intention to make a claim against it, the MVAIC appeals from an order of the Supreme Court, Orange County, entered in Dutchess County January 21, 1966, which granted the application. Order affirmed, with $10 costs and disbursements. The sworn notice of intention to make claim, a copy of which is reproduced in the record on appeal, shall be deemed to be the infant's affidavit stating an intention to make claim and to have been duly filed with appellant in accordance with the order here under review. Under all the circumstances, we think that the delay in filing notice of intention to make a claim will not unduly prejudice the MVAIC; moreover, such delay may reasonably be attributed to respondent's infancy and dependence upon her mother. There was a definite relationship between the fact of infancy and the failure to file in time. The Special Term properly exercised its discretion in granting the application (*Matter of Hogan* v. *City of Cohoes*, 279 App. Div. 282; *Biancoviso* v. *City of New York*, 285 App. Div. 320; *Matter of Ciaffone* v. *Board of Educ.*, 5 A D 2d 884; *Matter of Frey* v. *MVAIC*, 11 A D 2d 693, affd. 9 N Y 2d 849). Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.

■ MURIEL KORNSTEIN et al., Respondents, v. NEW YORK TELEPHONE COMPANY et al., Appellants. PERCY KORNSTEIN, Respondent, v. NEW YORK TELEPHONE COMPANY, Appellant.— In a consolidated action to recover damages for injury to person and property and for loss of services, defendants appeal: (1) from so much of an order of the Supreme Court, Nassau County, entered July 22, 1965, as, on reconsideration, granted plaintiffs' motion for a general preference; and (2) from an order of said court entered September 9, 1965, which denied defendants' motion for reargument. Appeal from order of September 9, 1965 dismissed, without costs. No appeal lies from such an order (*Creason* v. *Jaeger*, 16 A D 2d 838). Order of July 22, 1965 reversed insofar as appealed from, without costs, and plaintiffs' motion for a preference denied. Trial Term granted the preference solely on "jurisdictional grounds", relying on *Schott* v. *Hertz Corp.* (19 A D 2d 643). The rule enunciated in that case and the cases cited therein is not applicable to the facts herein. Plaintiffs were not compelled to bring the action in the Supreme Court in order to obtain jurisdiction over defendants (cf. Uniform District Court Act, § 404, par. [a], subd. 2). The consolidated action may properly be removed to a lower court (cf. CPLR 325, subd. [c]). Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN REABE, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 26, 1965, convicting him of robbery in the third degree (unarmed), upon a plea of guilty, and sentencing him, as a second felony offender, to serve a prison term of 5 to 10 years. Defendant's sole contention is that his sentence should be reduced. Judgment affirmed. In our opinion, the sentence imposed was not excessive under the circumstances presented. Christ, Acting P. J., Brennan, Hill, Hopkins and Benjamin, JJ., concur.