In the Matter of FELIX NORI, as Guardian ad Litem of RICHARD NORI, an Infant, Respondent, against CITY OF YONKERS, Appellant.

Second Department, December 27, 1948.

*John Preston Phillips (John H. Galloway, Jr., Corporation Counsel),* for appellant.

*Bernard T. Silverman* for respondent.

JOHNSTON, J.  On July 29, 1947, Richard Nori, twenty years old, suffered injuries while playing ball on behalf of Lega Operaia Soc., Inc., on a public recreation field maintained by the City of Yonkers.  He was hospitalized for nineteen days and was confined to his home for three weeks thereafter.  A cast placed on his right foot was not removed until October 1, 1947.  The Lega Operaia Soc., Inc., assured the infant that it would pay the expenses of the care and treatment of the injuries he suffered, on which promise he relied.  In October, 1947, that corporation repudiated its promise to make such payment.  Thereafter the infant consulted with his attorney and was advised that he had a cause of action against the City of Yonkers.  On December 4, 1947, the infant's father was appointed his guardian ad litem, and on the same day affidavits were verified in support of an application for an order for leave to serve a notice of claim pursuant to that portion of subdivision 5 of section 50-e of the General Municipal Law, which provides that " Where the claimant is an infant,    *    *    *   . and by reason of such disability fails to serve a notice of claim as provided in the foregoing subdivisions of this section within the time limited therefor,    *    *    *    the court, in its discretion, may grant leave to serve the notice of claim within a reasonable time after the expiration of the time specified in subdivision one."  An order was entered granting the application, and the city appeals.

It is not claimed, nor may it be held, that the injuries suffered by the infant constituted physical incapacity by reason of which he failed to serve the notice of claim within the time required by section 50-e of the General Municipal Law.

Prior to the enactment of section 50-e of the General Municipal Law (L. 1945, ch. 694) the statutes requiring the filing of statements or notices of claim for personal injuries against municipalities within a prescribed period were held not to be Statutes of Limitation which were suspended during infancy.  Infancy in and of itself did not prevent the operation of the requirement that the statement or notice be filed.  However, the statutes were not construed as absolute and unyielding.  (*Winter v. City of Niagara Falls,* 190 N. Y. 198.)  Physical and mental inability to comply excused noncompliance.  (*Walden v. City of Jamestown,* 178 N. Y. 213; *Whiteside v. North Amer. Acci-*

*dent Ins. Co.*, 200 N. Y. 320, 323; *Forsyth* v. *City of Oswego*, 191 N. Y. 441, 444.) Where infants were involved, three periods of infancy were considered: " As matter of law the strict requirements of the statute are not enforced against an immature infant of approximately ten years or less. They are enforced against an infant of riper years, of ordinary physical and mental capacity. Between these two periods lies a middle period where the infant may or may not be held to the provisions of the statute under the facts of the case as the jury may determine." (*Russo* v. *City of New York*, 258 N. Y. 344, 348.) Where the infant was eighteen or twenty years of age, and not unduly disabled by his injuries, the statutory requirements were strictly enforced. (*Winter* v. *City of Niagara Falls, supra*; *Murphy* v. *Village of Fort Edward*, 213 N. Y. 397.)

The purpose of the express provisions in the statute under consideration with respect to infancy as a disability in connection with notices of claim was to codify " the decisional law of New York ". (Tenth Annual Report of N. Y. Judicial Council, 1944, p. 269.) Although the language proposed in this connection by the Judicial Council was changed in several respects by the Legislature, the only purpose of the changes was to state in clearer statutory terminology what the law was as held in the cases above referred to. A comparison of the present statutory language with the language of the court in *Murphy* v. *Village of Fort Edward* (*supra*), particularly at pages 402-403, confirms that view.

The present statute requires, before the court may excuse late filing in the case of an infant, that the failure to serve the notice within the required time be by reason of the infancy. It is apparent from the moving affidavits in the case at bar that such failure was due, not to infancy, but to the promise of Lega Operaia Soc., Inc., that it would pay the expenses incurred in the care and treatment of the injuries suffered, which promise the society disavowed after the expiration of the statutory period.

Any other interpretation of the statute would violate the rules of statutory construction in two respects: (1) no effect would be given to the words " by reason of such disability " where the claimant is an infant; (2) although the statute gives the court discretion in granting leave to serve the notice of claim after the expiration of the statutory period, there would be no discretion left to the court even in a case where the claimant, as in the case at bar, is an infant " of riper years " and has the physical and mental capacity to comply with the

statute; instead, the court would be required in such a case to grant leave if the application were made within one year after the accident.

The order should be reversed on the law and the facts, without costs, and the motion denied, without costs.

NOLAN, P. J. (dissenting). I agree with the majority view that section 50-e of the General Municipal Law does not permit the court to grant relief to an infant claimant, not otherwise mentally or physically incapacitated, who has failed to file a notice of claim within the time limited therefor, in the absence of proof sufficient to support a finding that the failure to file the notice within the time limited resulted from the claimant's infancy.

If we start with that premise it may be that the correct result has been reached by the majority in this case, since it is not asserted that the infant claimant was not possessed of sufficient mental and physical capacity to enable him to comprehend fully his legal rights and to take such steps as might be necessary for their protection, nor is it expressly claimed that his delay resulted from a lack of understanding which might have been expected from one of greater maturity and experience. I am not convinced, however, that the Special Term, even on the record presented, could not properly have determined that the delay in this case resulted from such a lack of understanding and experience, nor do I find myself in agreement with other conclusions reached by the majority of the court as to the construction of the statute under consideration.

It is the opinion of the majority that the provisions of the statute with respect to the disability of infancy as an excuse for failure to file a notice of claim within the time limited were enacted to codify " the decisional law of New York ". That was, concededly, the purpose of the provisions of the statute recommended by the Judicial Council, insofar as that statute provided for an exception in favor of an infant claimant. The Judicial Council so stated in recommending the legislation. (See Supporting Study [E], Tenth Annual Report of N. Y. Judicial Council, 1944, p. 269.) It does not follow, however, nor in my opinion does the history of the legislation lead to the conclusion, that the legislative intent followed that of the Judicial Council in this respect. The statute, as recommended, provided, in subdivision 1 (p. 266): " Where the claimant is an *immature infant,* or mentally or physically incapacitated, the notice may be given within a reasonable time after the

disability ceases, although the stated period has expired.''
(Emphasis mine.) That provision was a codification of the
case law of the State as it then existed. Under the deci-
sional, or case law, it had been determined that noncompli-
ance with a statutory provision of the kind under consideration
should be excused for physical or mental incapacity, and
that *immature* infancy was as a matter of law a condition
of physical and mental inability excusing such compliance.
(*Murphy* v. *Village of Fort Edward,* 213 N. Y. 397, and
cases cited.) It had also been determined that such statu-
tory provisions should be enforced against infants '' of riper
years, of ordinary physical and mental capacity.'' (*Russo* v.
*City of New York,* 258 N. Y. 344, 348; *Murphy* v. *Village of
Fort Edward, supra.*) Infancy, in and of itself, did not prevent
the operation of the provisions of such statutes, which required
the filing of notices of claim. (*Murphy* v. *Village of Fort
Edward, supra,* p. 402; *Winter* v. *City of Niagara Falls,* 190
N. Y. 198.) In recommending the exception, in the case of
'' immature '' infants, therefore, the Judicial Council merely
proposed that the Legislature include in the statute the excep-
tion which had been written by court decisions into the statutes
which the proposed legislation was designed to supersede.

The recommended statute further provided that (p. 266):
'' 4. A claimant who fails to serve a notice of claim as provided
in the foregoing subdivisions of this section, within the time
limited therefor, may, nevertheless, in the discretion of the court,
be granted leave to serve the notice within a reasonable time
after the expiration of such time.''

It was further provided that application for such leave should
be made before trial, based on an affidavit showing reasonable
excuse for delay, knowledge by the other party of the facts
involved, prior to the expiration of the time limited, and that
the other party was not substantially prejudiced by the delay.
This provision, granting discretion to the court to excuse delay
in filing the notice, was not a codification of existing case law,
but was designed to preclude inequitable consequences which
had ensued to claimants, who, because of some reasonable
excuse, had failed to serve the notice of claim within the time
limited therefor, and was stated to be in accord with '' analogous
statutory provisions of this and other states ''.

In the statute as proposed, the court was given no discretion
with respect to notices of claim by immature infants, or persons
mentally or physically incapacitated, if the notice was filed
within a reasonable time after the termination of the disability.

Discretion was given, however, in any case, to extend the time for filing the notice, if the claimant could meet the requirements provided by the statute.

The proposed statute further provided that it should be liberally construed, with a view to substantial justice.

The bill proposed by the Judicial Council was not adopted by the Legislature. As the result of conference and discussion, a compromise bill was prepared, which in turn failed of enactment. Finally, in 1945, after further discussion and change, the present statute was enacted. (See Eleventh Annual Report of N. Y. Judicial Council, 1945, pp. 51, 52; Twelfth Annual Report of N. Y. Judicial Council, 1946, pp. 21–23.)

The statute, as enacted, differed in many material respects from that recommended by the Judicial Council. Some are not pertinent to the question here presented. However, the exception with respect to claimants under a disability now reads: " 5. Where the claimant is an infant, or is mentally or physically incapacitated, and by reason of such disability fails to serve a notice of claim as provided in the foregoing subdivisions of this section within the time limited therefor, or where a person entitled to make a claim dies before the expiration of the time limited for service of the notice, the court, in its discretion, may grant leave to serve the notice of claim within a reasonable time after the expiration of the time specified in subdivision one."

By the enacted statute the court is given discretion to grant or refuse leave to serve a late notice of claim in cases involving infants and physically or mentally incapacitated claimants, but is given no discretion to grant relief in cases involving adults who are not incapacitated. The Legislature did not adopt the proposed exception in favor of *immature infants,* but did provide for a limited exception, subject to the discretion of the court, in cases involving *infant* claimants. If in so doing the legislators intended to codify existing case law, they did not accomplish that purpose. The exceptions written into previous statutes by court decisions related to " immature infancy," which excused strict compliance with statutory provisions as a matter of right, and not of discretion.

We are not required, in determining the question of legislative intent, to indulge in any presumption with respect to legislative knowledge of judicial construction of previous statutes, and of the distinction made between cases of " immature infancy " and infancy in its final period (cf. *Murphy* v. *Village of Fort Edward,* 213 N. Y. 397, *supra*). The contemplated dis-

ability, as proposed, was " immature infancy ", and the reason for that proposal, as a codification of existing case law, was explained in the supporting study which accompanied the Judicial Council's proposal, by reference to the cases in which the distinction had been made (Supporting Study [E], Tenth Annual Report of N. Y. Judicial Council, 1944, p. 269, n. 10).

It may be that in adopting the statutory language the Legislature intended to provide for a discretionary exception in all cases involving infants, irrespective of the reason for delay, and that the words, " by reason of such disability ", as employed in subdivision 5, were intended to relate solely to the disability of mental or physical incapacity. Such a construction, if correct, would permit the court to grant relief to two classes of claimants: infants, throughout the full period of infancy, and persons mentally or physically incapacitated, if delay resulted from such incapacity.

If, however, the Legislature intended to refer to infancy as a disability, which seems more likely, on comparison of the proposed with the adopted statute, it seems reasonably clear that it was intended that infants, as such, should be given some greater measure of protection than that afforded adults. That intent will not be implemented by the majority view, which makes no distinction between adult and infant claimants, and which, in my opinion, construes the statute as it was proposed, and not as it was enacted.

Infancy, as a legal disability, even in its final period, is no stranger to our statutory or decisional law. Infancy does not incapacitate an infant from bringing an action. Nevertheless, the time of the disability of infancy is not part of the time limited for the commencement of the action. (Civ. Prac. Act, §§ 43, 60.) Infancy is a disability within the meaning of subdivision 5 of section 10 of the Court of Claims Act, which provides in part that " if the claimant shall be under legal disability, the claim may be presented within two years after such disability is removed." (*Weber* v. *State of New York*, 267 App. Div. 325, affg. 181 Misc. 44.) The disabilities of infants are really privileges, for the object is to secure infants from damaging themselves or their property by their own improvident acts. (31 C. J., Infants, § 25, p. 1001, citing 1 Blackstone's Comm., p. 464.) Infants, upwards of twenty years of age, in spite of representations at the time of contracting that they were of age, have been permitted to disaffirm their contracts, for their protection " at an age when the mind and judgment are conclusively presumed to be immature and they

need to be shielded from their own imprudence and folly ", (*International Text Book Co.* v. *Connelly*, 206 N. Y. 188, 197) and to shield them from their own folly and improvidence. (*Sternlieb* v. *Normandie Nat. Securities Corp.*, 263 N. Y. 245.)

It is from such improvidence that the infant claimant seeks to be relieved in the instant case. He suffered a serious injury, which necessitated an operation and confinement to a hospital for nineteen days. Thereafter, it is asserted, he remained in bed for three weeks, and wore a cast until after the period fixed by the statute for the filing of a notice of claim had expired. No claim is made that the City of Yonkers was prejudiced by the delay in making the application for relief slightly more than two months after the expiration of the time limited. In my opinion the Special Term properly concluded that the infant claimant could be excused under such circumstances for a slight delay which caused no prejudice to the city, and which may well have resulted from a failure to possess the knowledge, or to exercise the judgment which the law ascribes to adults, whose rights are expressly limited by the statutory provision.

If we should adopt this view we would not fail to give effect to the words, "by reason of such disability". Neither would we, by such an interpretation of the statute, require the court in all cases involving infants "of riper years" and ordinary physical and mental capacity to grant relief if the application is made within one year after the accident. The matter is always one involving discretion, in the exercise of which the court has ample power to protect municipalities from fraudulent and stale claims, and to relieve them from substantial prejudice. So construed, the statute will not become, at least in cases involving infants, a trap for the unwary and the ignorant.

The order appealed from should be affirmed.

SNEED and WENZEL, JJ., concur with JOHNSTON, J.; NOLAN, P. J., dissents, in opinion in which ADEL, J., concurs, and votes to affirm the order.

Order reversed on the law and the facts, without costs, and the motion denied, without costs.