ABRAHAM SIGMAN, an Infant, by His Guardian ad Litem, LOUIS SIGMAN, Plaintiff, *v.* BOARD OF EDUCATION OF THE CITY OF NEW YORK, Defendant.

Supreme Court, Special Term, Kings County, April 14, 1950.

*Perry Gottlieb* for plaintiff.

*John P. McGrath, Corporation Counsel (Harold L. Cowin* of counsel), for defendant.

BELDOCK, J. Plaintiff, an infant, by his guardian ad litem moves for an order striking out an affirmative defense or, in the alternative, that a notice of claim heretofore served on July 14, 1948, be deemed filed *nunc pro tunc* as of July 27, 1945.

On June 14, 1945, the infant, then fifteen years of age, while operating a lathe in one of our vocational high schools in this borough (which he was then attending), sustained an injury to his left hand allegedly by reason of the failure of his teacher properly to instruct and supervise him in the use of said machine and its equipment.

A notice of claim was served upon the corporation counsel and the comptroller on July 27, 1945, which is admittedly within the six months' period as then required in section 394a-1.0 of the Administrative Code of the City of New York. However, no notice of claim was served upon the board of education of the city of New York as required by such provision of the Administrative Code. The action was thereupon instituted in March, 1946, but when it appeared on the calendar for trial plaintiff's attorney alleges that an order of discontinuance was obtained by reason of the failure to serve the board of education with a notice of claim.

Thereafter, without permission of this court, and on July 1, 1948, plaintiff caused a new notice of claim to be served on the comptroller and corporation counsel. On July 14, 1948, such notice of claim was also served on the board of education of the city of New York. This action was commenced on December 10, 1948, and an answer was interposed on January 11, 1949, containing the affirmative defense that plaintiff has failed to serve the notice of claim within the time limited by subdivision c of section 394a-1.0 of the Administrative Code of the City of New York and section 50-e of the General Municipal Law, and has omitted prior to the commencement of the action to obtain per-

mission to file such notice of claim within the time specified in section 50-e aforesaid. Such failures, it is alleged, are a complete bar to the maintenance of this action.

Whether plaintiff's application has merit must be determined by reference to section 14 of chapter 694 of the Laws of 1945 (part of which chapter is embodied in section 50-e of the General Municipal Law), effective September 1, 1945. That section provides: '' This act shall take effect September first, nineteen hundred forty-five, and shall apply to claims * * * which were not barred by applicable statutory or case law in force prior to September first, nineteen hundred forty-five, but the periods now limited for the delivery of a notice of claim shall apply to all claims which arise prior to that date.'' The claim in the instant action arose on June 14, 1945, and the last day to file a notice of claim was December 14, 1945 (Administrative Code, § 394a-1.0, subd. c). Accordingly, this claim was not barred by applicable case or statutory law in force prior to September 1, 1945. The statute, therefore, was made applicable to the claim in question. The plaintiff could invoke such statute for the purpose of obtaining leave to file a proper notice of claim provided that application for such leave was made within one year after the happening of the event upon which the claim is based, namely, June 14, 1946, and prior to the commencement of the action.

Plaintiff admits that chapter 694 of the Laws of 1945 applies to his claim for he states that for all practical purposes his application is one to serve a notice of claim after the expiration of the statutory period set forth therein. However, he has failed to comply with the provisions of subdivision 5 of section 50-e of the General Municipal Law which reads as follows:

'' Where the claimant is an infant, or is mentally or physically incapacitated, and by reason of such disability fails to serve a notice of claim as provided in the foregoing subdivisions of this section within the time limited therefor, * * * the court, in its discretion, may grant leave to serve the notice of claim within a reasonable time after the expiration of the time specified in subdivision one [sixty days].

'' Application for such leave must be made within the period of one year after the happening of the event upon which the claim is based, and shall be made prior to the commencement of an action to enforce the claim, * * *.'' It is to be noted that plaintiff's application is dated July 15, 1949, and returnable July 28, 1949, or more than four years after the happening of the event upon which this claim is based.

It has been held that Special Term is without discretionary power to grant the relief requested where there has been a failure to apply for leave to file a notice of claim on behalf of an infant within one year after the happening of the accident upon which the claim is based. (*Matter of Martin* v. *School Bd. of Union Free Dist. No. 28, Long Beach,* 275 App. Div. 1042 [2d Dept.], leave to appeal granted 276 App. Div. 763; *Matter of Ennis* v. *City of Peekskill,* 276 App. Div. 779 [2d Dept.]; *Matter of Gardiner* v. *Board of Educ. Union Free School Dist. No. 3, Town of Huntington,* 276 App. Div. 977 [decided Feb. 20, 1950].)

In addition, and contrary to the provisions of the statute, this application is made subsequent to the commencement of the action and not prior thereto.

Even were there no holdings by our Appellate Division, as above noted, and assuming that Special Term has discretionary power to grant relief after the expiration of one year, the moving papers on this application would not warrant the exercise of the court's discretion in the infant's favor. The affidavit in support of the motion is made neither by the infant nor his guardian, but rather by his attorney. It is not urged in such affidavit, nor may it be held, that the injuries suffered by the infant constituted physical incapacity, by reason of which the notice of claim was not filed properly. Nor is there any averment indicating that the infant was not possessed of sufficient mental and physical capacity to enable him fully to understand his legal rights so that he might take such measures as might be necessary for their protection. The affidavit is completely barren of any allegation that the failure to serve was due to infancy. The only basis upon which the application is predicated is that " due to an inadvertent oversight the notice of claim was not served upon the Board of Education of the City of New York." Such excuse does not satisfy the requirements of this statute. " The present statute requires, before the court may excuse late filing in the case of an infant, that the failure to serve the notice within the required time be by reason of the infancy " (*Matter of Nori* v. *City of Yonkers,* 274 App. Div. 545, 547, affd. 300 N. Y. 632). Here, an attorney did represent the infant and did within six weeks after the accident file a notice of claim upon the corporation counsel and the comptroller. Under such circumstances, it cannot be said that the failure to serve a proper notice of claim upon the board of education was due to infancy.

Accordingly, the motion is denied. Submit order.