Walter B. Hart, J.
This is a motion on behalf of an infant petitioner 13 years of age and her father, to serve a late notice of claim on the Board of Education of the City of New York for personal injuries sustained by petitioner and for medical expenses and loss of services of the father. From the facts presented in the affidavit it appears the infant was injured on May 16, 1961, at the Youth Center in premises owned by the New York City Housing Authority at Humboldt and Mese role Streets, Brooklyn, New York. After the accident police were called and the infant removed by ambulance to the Greenpoint Hospital.
*191 Timely notices of claim were served on the Housing Authority and on the City of New York and hearings were conducted on November 29, 1961 and February 14, 1962, respectively. In January, 1962 petitioner’s counsel was advised by counsel for the Housing Authority that while the Authority was the owner of the premises in which the Youth Center was located it had been leased to the Board of Education, which agency operates and manages it.
The opposition to the motion is predicated on the contention that it was counsel’s inadvertence rather than the infant’s disability which was the cause of the failure to file a timely notice on the Board of Education. As authority for this contention the Board of Education cites the case of Goglas v. New York City Housing Auth. (13 A D 2d 939, affd. 11 N Y 2d 680). However, here it appears that counsel was diligent but could not readily discern in the maze of separate, distinct, municipal corporate agencies, that the Board of Education was involved. Certainly this infant could not do so and to that extent in the circumstances here present her failure to file the notice may be said to be due to her disability (General Municipal Law, § 50-e, subd. 5).
It would appear that, under a strict adherence laid down in the Goglas case (supra), the only circumstance in which a late notice could be filed on behalf of an infant would be where her parents failed to retain an attorney on her behalf until after the 90-day period expired. In such a case it would appear that her parents were negligent for failing to act promptly. It appears anomalous that an infant of tender years can be penalized when her parents are diligent in retaining an attorney to prosecute a claim who fails to file a timely notice, while an infant whose parents fail to act with diligence may apply to invoke the favor of the court.
The motion is granted only to the extent of permitting the filing of a claim on behalf of the infant.