## (January 27, 1969)

■ MICHAEL ANDERSON, an Infant, by His Parent and Natural Guardian, HERMAN ANDERSON, et al., Respondents, v. COUNTY OF NASSAU, Appellant, et al., Defendant.— Order of the Supreme Court, Nassau County, dated May 23, 1967, reversed insofar as appealed from, on the law, without costs, and motion denied as to the infant plaintiff as well as the adult plaintiff. The findings of fact below have not been affirmed. In our opinion, the failure to serve a timely notice within the 90-day period prescribed by section 50-e of the General Municipal Law as a matter of law was not attributable to the infant's disability (see *Matter of Weber* v. *New York City Tr. Auth.,* 28 A D 2d 685; *Matter of Shankman* v. *New York City Housing Auth.,* 21 A D 2d 968, affd. 16 N Y 2d 500). Beldock, P. J., Christ and Rabin, JJ., concur; Hopkins, J., dissents and votes to affirm, with the following memorandum, in which Benjamin, J., concurs: The infant plaintiff was about 10 years old when he was injured on October 25, 1966; and his attorney filed a notice of claim against the defendant Town of Oyster Bay on December 13, 1966 pur-

suant to statute ('General Municipal Law, § 50-e). On March 3, 1967 the infant was examined at a hearing under his claim; on March 17, 1967 the infant's attorney was informed that the town was not responsible for the maintenance of the place where the infant was injured and that the County of Nassau was instead responsible. On April 7, 1967 the infant's attorney made the motion for permission to serve a late notice of claim against the county. The order under review granted the motion as to the infant. . The effect of the majority decision is to restrict the discretion reposed in the court by the statute so that, if any other reason for delay in filing the claim is concurrent with infancy, the court would be without power to grant the filing of a notice of claim beyond the 90-day limitation. I do not think that the statute should be so narrowly construed. First, section 50-e requires that the application be made within " a reasonable time " (subd. 5), a term itself implying discretion; second, the word " discretion " is used in the statute (subd. 5); and third, no qualifying language appears in the statute demanding that the fact of infancy as a ground of " disability " (subd. 5) be unaccompanied by any other pertinent factor affecting the delay. The reversal on the law, however, allows a review of this question, which has been decided differently by our court on occasion. In *Matter of Nori* v. *City of Yonkers* (274 App. Div. 545, affd. 300 N. Y. 632), by a divided court we distinguished between three periods of infancy as important elements in determining whether a late filing of a notice of claim should be sanctioned. There we held that infancy was not a ground of disability where a 20-year-old plaintiff was the applicant for relief. We followed a like course in later cases and denied motions to file a late claim (*Matter of Negrone* v. *New York City Tr. Auth.*, 15 A D 2d 676 [20-year-old infant]; *Matter of Bosh* v. *Board of Educ. of City of N. Y.*, 282 App. Div. 887 [15-year-old infant]; *Matter of Adanuncio* v. *City of New York*, 281 App. Div. 763 [15-year-old infant]; *Chavers* v. *City of Mount Vernon*, 276 App. Div. 855, affd. 301 N. Y. 634 [15-year-old infant]). Yet, we have adopted a contradictory position in other cases and granted motions to file a late claim (*Matter of Pandoliano* v. *New York City Tr. Auth.*, 17 A D 2d 951 [15-year-old infant]; *Matter of Wenz* v. *Board of Educ.*, 16 A D 2d 930 [15-year-old infant]; *Matter of Abruzzo* v. *City of New York*, 10 A D 2d 638 [19-year-old infant]; *Biancoviso* v. *City of New York*, 285 App. Div. 320 [13-year-old infant]). In *Kern* v. *Central Free School Dist. No. 4* (25 A D 2d 867), we declared that an attorney's error causing a late or erroneous service would not preclude an infant's application for relief, citing *Matter of Spanos* v. *Town of Oyster Bay* (23 A D 2d 881, affd. 16 N Y 2d 951). But in *Matter of Weber* v. *New York City Tr. Auth.* (28 A D 2d 685) by a divided court we returned to the more restrictive view of the statute expressed in *Matter of Nori* v. *City of Yonkers* (274 App. Div. 545, affd. 300 N. Y. 632, supra). Differences in the construction of the statute apparently exist in other Departments. In the First Department infancy as a ground of disability is given a strict interpretation (e.g., *Matter of Shankman* v. *New York City Housing Auth.*, 21 A D 2d 968, affd. 16 N Y 2d 500 [6-year-old infant]; *Matter of Goglas* v. *New York City Housing Auth.*, 13 A D 2d 939, affd. 11 N Y 2d 680 [12-year-old infant]; *Schnee* v. *City of New York*, 285 App. Div. 1130, affd. 1 N Y 2d 697 [19-year-old infant]). On the other hand, the Third Department takes a more liberal approach (e.g., *Matter of Daigneault* v. *Board of Educ. of City of Cohoes*, 7 A D 2d 695 [19-year-old infant]; *Matter of Osborn* v. *Board of Educ.*, 5 A D 2d 929 [15-year-old infant]); following a construction of the statute that all that is needed to be found by the court to permit a late filing is that infancy have a substantial effect on the failure to file (*Matter of Every* v. *County of Ulster*, 280 App.

Div. 155, remitted for findings of fact 304 N. Y. 924, and original reversal and granting of motion adhered to 281 App. Div. 1060). More recently, our broad reading of the statute in *Matter of Pandoliano* v. *New York City Tr. Auth.* (17 A D 2d 951, *supra*) was cited with approval by the Third Department (*Matter of Shane* v. *County of Albany*, 20 A D 2d 746; *Matter of Esslie* v. *Central School Dist. No. 1*, 20 A. D 2d 748), in permitting late fillings. It hardly needs stating that infants in the same relative posture should not be treated differently, depending on whether they live in different areas of the State or whether their applications for relief are reviewed by different panels of the same court. Variations in treatment there may be as a result of varying of factual patterns, but variations as the result of contrary constructions of the statute should not stand. Hence, a definitive construction of the statute should be established, so that a uniform treatment of infant claimants will be achieved. I would interpret the statute broadly so as to permit the use of discretion whenever the factor of infancy is found to be an important factor — but not the sole important factor — in the failure to file a claim against a municipality.