James H. Boomer, J.
On May 11, 1971 the infant petitioner, then 14 years' of age, was injured in a gym class conducted by the respondent school district and supervised by the respondent teacher. Prior to July 14, 1971, the infant’s parents retained an attorney and through his inadvertence no notice of claim was filed on behalf of the infant within the 90-day filing period prescribed by section 50-e of the General Municipal Law. This application for leave to serve a late notice of claim on behalf of the infant was made on September 17, 1971, 39 days, after the expiration of the 90-day period.
*924 The respondents oppose this motion, contending that the court lacks the power to grant leave to file a late notice of claim since the failure to file a timely notice of claim was not by reason of the plaintiff’s infancy, but was due solely to the inadvertence of counsel. In support of this contention they cite Matter of Goglas v. New York City Housing Auth. (13 A D 2d 939, afifd. 11 N Y 2d 680) and Matter of Shankman v. New York City Housing Auth. (21 A D 2d 968, affd. 16 N Y 2d 500), both decided in the First Department.
In the Goglas case, the infant was 12 years of age and an attorney, retained 3 days after the date of the accident, mistakenly served a notice of claim upon the Comptroller of the City of New York instead of the New York Housing Authority. The claim was rejected by the Comptroller approximately one month after the date of injury and no effort to file a notice of claim upon the housing authority was made until some eight months after the date of injury. The Appellate Division, in reversing the order of the Special Term ‘£ on the law and facts ’ ’, stated that£ £ The failure to file the notice with the proper public officer within the statutory time is here shown to have been due to the inadvertence of counsel. It has been consistently held in this Department that such a failure is not£ by reason of ’ the disability of infancy within the language of subdivision 5 of section 50-e ”. The Court of Appeals affirmed without opinion.
In the Shankman case, the- Appellate Division modified 1 £ on the law and the facts ” that part of an order of Special Term which granted the application for permission to file a late claim on behalf of an infant six years of age. In this case, also, the attorney employed by the infant’s1 parents had erroneously mailed the notice of claim to the Comptroller of the City of New York rather than to the housing authority. Again, the Appellate Division, First Department held, £ ‘ Where, as1 here, the infant had counsel within the statutory 90-day period prescribed by subdivision 5 of section 50-e of the General Municipal Law for the filing of a notice of claim and the failure to timely file a notice appears to be due to the inadvertence of counsel, it is settled in this Department that such failure does not occur £ by reason of ’ the disability of infancy so as1 to permit an extension of the statutory period. ” Again, the Court of Appeals affirmed without opinion.
The settled rule in the First Department, however, has not been consistently followed in the other departments, and it has been seriously weakened, if not destroyed, by the recent deci *925 sion of the Court of Appeals in Matter of Biberias v. New York City Tr. Auth. (27 N Y 2d 890). A better understanding of the Biberias decision may be had following a review of some of the pertinent cases in the Second, Third and Fourth Departments.
The Appellate Division, Second Department, has permitted late filing where the failure to file timely was due to the error or inadvertence of the infants ’ attorneys (Matter of Pandoliano v. New York City Tr. Auth., 17 A D 2d 951; Matter of Spanos v. Town of Oyster, Bay, 23 A D 2d 881, affd. 16 N Y 2d 951; Kern v. Central Free School Dist. No. 4, 25 A D 2d 867).
In the often-cited Pandoliano case, the court permitted the late filing of a notice of claim on behalf of an infant 15 years of age where the infant’s attorney, within the 90-day period, inadvertently served the notice upon the Comptroller of the City of New York instead of upon the transit authority. The court reasoned, “ While initially the error in serving the notice was made by the attorney, nevertheless, basically such error was also attributable, whether in greater or lesser degree, to the disabilities and limitations incident to the infant’s infancy. In the exercise of a proper discretion, it is fair to conclude that the infant here may well have become alerted to the attorney’s initial inadvertence and that he (the infant) would have caused a timely notice to be served on the proper party — if not for his lack of maturity, knowledge and understanding, and if not for the natural disabilities and limitations inherent in his infancy. It is indeed an unusual and extraordinary infant who, at the age of 15, has the mental capacity and acumen to assert promptly and properly all his legal rights, and to adequately protect such rights.” In referring- to the “ contrary determination ” of the First Department in the Cogías case (13 A D 2d 939, supra) and the affirmance of that case without opinion by the Court of Appeals (11 N Y 2d 680), the court said, “ Such affirmance by the Court of Appeals, however, connotes only its refusal to interfere with the lower courts’ exercise of their discretion on the facts presented in that case, not its approval of the discretion thus exercised. Indeed, the Court of Appeals’ affirmance emphasizes merely that in the final analysis the exercise of discretion must depend on the particular facts in each case, and that it will not interfere with the exercise of discretion either way by the Special Term or by the Appellate Division.”
In the Spanos case (supra), the court permitted the late filing on behalf of a three-year-old-infant where the infant resided with foster parents and was under the custody of the New *926 York Foundling Hospital. The failure to tile timely was caused by the absence and illness of the social worker assigned to the infant’s case and to the neglect of the infant’s attorneys. The court, citing its Pandottcmo decision, held that the Special Term had abused its discretion in refusing to grant the application.
In the Kern case, the infant was 15 years of age and an attorney was retained shortly after the accident. While denying permission to file a late notice of claim on behalf of the parent, the court stated, ‘ ‘ The infant must be treated differently. She has available to her a separate statutory basis for late filing — -her infancy (General Municipal Law, § 50-e, subd. 5, par. [1]) — she was 15 years of age, and we have held that an attorney’s error causing a late or erroneous service will not preclude an infant’s reliance on the statute [citing the Pcmdottcmo and Spanos cases, supra] ”.
In Matter of Weber v. New York City Tr. Auth. (28 A D 2d 685), the Second Department reversed an order of Special Term which permitted the late filing of a claim on behalf of an infant 20 years of age where the excuse given for the failure to file timely was the hospitalization of the infant’s attorney. The court stated, “ The facts indicate that the late service of the notice of claim was not by reason of [the] infancy”. It is apparent the court based its conclusion on the age of the infant, for it cited Schnee v. City of New York (285 App. Div. 1130, affd. 1 N Y 2d 697) and Matter of Negrone v. New York City Tr. Auth. (15 A D 2d 676) both of which involved infants 20 years of age and Matter of Nori v. City of Yonkers (274 App. Div. 545, 546, affd. 300 N. Y. 632), where the court distinguished between an ‘6 immature infant ’ ’ and an ‘ ‘ infant of riper years ’ ’.
Later, however, the Second Department veered from its- holding in the Pamdottano case and seemed to have adopted the rule of the First Department in the Shankman and Goglas cases. In Anderson v. County of Nassau (31 A D 2d 761), the infant was 10 years of age- at the time of his injury and his attorney filed a notice of claim against the town 49 days after the injury. After a hearing held by the town and about five months after the date of the injury, the infant’s attorney was informed by the town that the County of Nassau was1 the body responsible for the maintenance of the place of the injury. By a 3 to 2 decision, the Appellate Division held, “ The failure to serve a timely notice within the 90-day period prescribed by section 50-e of the General Municipal Law as a matter of law was not attributable to the infant’s disability [citing the Weber and Shankman cases, supra] The dissenting opinion pointed to the conflicting decisions of the Second Department and *927 further stated, ‘ ‘ Differences in the construction of the statute apparently exist in other Departments. * * * It hardly needs 'Stating that infants in the same relative posture should not be treated differently, depending on whether they live in different areas of the State or whether their applications for relief are reviewed by different panels of the same court.” Nevertheless, the Second Department cited and followed its Anderson decision in Di Canio v. County of Nassau Public Water Works (33 A D 2d 777), where the infant was 17 years of age and an attorney was retained shortly after the accident and in McKay v. Village of Mamaroneck (35 A D 2d 731), where the infant was 12 years- of age and the attorney erroneously and within the 90-day period served a notice upon the Town of Mamaroneck rather than the Town of Rye. However, without opinion, it permitted the filing of a late notice of claim on behalf of an infant 10 years of age where the only excuse for late filing was an incorrect entry in the diary of the infant’s attorney (Matter of Williams v. New York City Tr. Auth., 34 A D 2d 575).
The Third Department has- followed the Pandoliano case (17 A D 2d 951, supra) and has given a liberal construction to subdivision 5 of section 50-e of General Municipal Law (Matter of Esslie v. Central School Dist. No. 1, 20 A D 2d 748; Matter of Brooks v. Rensselaer County, 34 A D 2d 708).
The infant in the Esslie case was 13 years old when he was injured on a school playground. Counsel was not retained until about seven months after the date of the injury and did not move for permission to file a late notice of claim until more than five months later. The court wrote, ‘ ‘ The cases demonstrate that the courts have been liberal in interpreting subdivision 5 of section 50-e. * * * While the delay in giving notice was due to the actions of his parents and later his attorneys-, it ‘ was also attributable, whether in greater or lesser degree, to the disabilities and limitations incident to the infant’s infancy. ’ (Matter of Pandoliano v. New York City Tr. Auth., supra, p. 951.) In the proper exercise of discretion Special Term could fairly conclude here that if the infant had not -suffered ‘ the natural disabilities and limitations inherent in his infancy, ’ he might well have been able to adequately protect his rights (Matter of Pandoliano v. New York City Tr. Auth., supra, p. 951).”
In the Brooks case, the infant, age 14, was injured while a passenger in a vehicle owned by the County of Bensselaer. After several days in the hospital she returned to her home in New Jersey. Five days after the accident attorneys employed *928 by her parents wrote to the county and the county replied that the vehicle involved had been stolen and that relief should be obtained from MVAIC. Later a New York attorney was retained and the motion for leave to file a late claim against the county was not made until almost one year after the date of the accident. The court stated, ‘ ‘ This court has uniformly given a liberal construction to subdivision 5 of section 50-e of the General Municipal Law. In the instant case, the. application was made within one year, as- prescribed by the statute. The appellant had actual notice within five days after the accident that plaintiff was injured in one of its vehicles and was going to make a claim therefor. We believe it is rather patent that a 14-year-old infant does not have the capacity to protect her interests when involved in an automobile accident, particularly in a foreign State. Certainly the Legislature did not intend that she go unprotected. (See Matter of Hogan v. City of Cohoes, 279 App. Div. 282, 285.) ” In the Hogan case the Appellate Division, Third Department, had stated, “We are unable to perceive any vital distinction between the neglect of a parent and the laches of an attorney (Natoli v. Board of Educ. of City of Norwich, 277 App. Div. 915, affd. 303 N. Y. 646). In either case an infant thirteen years of age has not the mental capacity to protect his or her rights. ’ ’
The Appellate Division, Fourth Department, has taken the same liberal approach as the Third Department (Matter of Andrzejewski v. Board of Co-Op. Educ. Services, 34 A D 2d 881; Matter of Perry v. Board of Educ. of City of Lackawana, 34 A D 2d 1089; Chao v. Westhill Cent. School Dist., 35 A D 2d 1071; Matter of Reynolds v. Greece Cent. School Dist. No. 1, 36 A D 2d 1020).
In the Andrzejewski case, the notice of claim on behalf of an infant nine years of age was timely filed against the school district but not against the Board of Co-Operative Educational Services which had employed the teacher allegedly responsible for the accident. The Appellate Division held, “Under the circumstances of this case, there is a cognizable relation between the infancy and the failure to file a notice, within 90 days (Matter of Borowski v. Town of Clarence, 19 A D 2d 580; Matter of Harden v. Village of Akron, 32 A D 2d 610.) * * * The infant’s1 motion was properly granted.”
In the Perry case, the attorney for a 12-year-old infant erroneously filed a notice of claim against the City of Lackawana instead of against the Board of Education of that city. In making application for late filing of the claim against the *929 board, the infant’s attorney stated that he was not aware that the Board of Education existed as- a separate entity from the city. The court stated that while the erroneous service of the claim on behalf of the infant respondent “was due to misinformation given by his mother to the attorney employed by her on respondent’s behalf, and to the attorney’s failure to effect service on the proper municipal corporation, it was attributable in some degree to the disability and limitations incident to respondent’s infancy which prevented him from ascertaining that Lincoln Junior High School where he was injured was operated by appellant (Matter of Esslie v. Central School Dist. No. 1, 20 A D 2d 748; Matter of Klee v. Board of Coop. Educational Servs., 25 A D 2d 715). It is patent that a 12-year-old infant does not have the capacity to protect his interests when he sustains injuries while carrying on his school activities. (Matter of Brooks v. Rensselaer County, 34 A D 2d 708.) ”
In the Chao case, the court permitted the filing of a late notice of claim on behalf of- an infant 15 years of age. It distinguished the holdings in the Matter of Borowski v. Town of Clarence (19 A D 2d 580), and Staub v. City of New York (29 A D 2d 756) on the ground that the infants in those cases were 19 and 17 years of age, respectively. It cited with approval the following quotation from the Pandoliano case (supra): “ It is indeed an unusual and extraordinary infant who, at the age of 15, has the mental capacity and acumen to assert promptly and properly all his legal rights, and to adequately protect such rights.” It further held that there was “ a cognizable relation between the fact of infancy and the failure to file a claim within the statutory time limitation. (Matter of Borowski v. Town of Clarence, supra.) ” In the Borowski case, the court had held that a 19-year-old infant had failed to show a “ cognizable relation between the fact of infancy and the failure to file a claim within the statutory time limitation ’ ’, and had cited among other cases, Matter of Nori v. City of Yonkers (274 App. Div. 545, affd. 300 N. Y. 632, supra). In the Nori case the Appellate Division, Second Department, found that the purpose of section 50-e was- to codify previous decisional law and in summarizing that decisional law said (p. 547), 11 Where infants were involved, three periods of infancy were considered: 6 As matter of law the strict requirements of the statute are not enforced against an immature infant of approximately ten years or less. They are enforced against an infant of riper years, of ordinary physical and mental capacity. Between these two periods lies a middle period where the *930 infant may or may not be held to the provisions of the statute under the facts of the case as the jury may determine. ’ * * * Where the infant was eighteen or twenty years of age, and not unduly disabled by his injuries-, the statutory requirements, were strictly enforced. ’ ’
Most recently, in the Reynolds case, the Fourth Department permitted the late filing of a claim on behalf of a physically disabled adult in spite of the fact that an attorney had been retained well within the 90-day period. Citing Matter of Biberias v. New York City Tr. Auth. (27 N Y 2d 890, 891-892, supra); Natoli v. Board of Educ. of City of Norwich (303 N. Y. 646), and Matter of Perry v. Board of Educ. of City of Lackawanna (34 A D 2d 1089, supra), among others, it held that “ the fact that an attorney had been retained prior to the lapse of the 90-day filing period does not in and of itself compel a holding that claimant’s disability was not a cause of the failure to file.” It quoted with approval the following quotation from the Pam\dolicmo case (supra)-. “While initially the error in serving the notice was made by the attorney, nevertheless, basically such error was also attributable, whether in greater or lesser degree, to the disabilities and limitations incident to the infant’s infancy. In the exercise of a proper discretion, it is fair to conclude that the infant here may well have become alerted to the attorney’s initial inadvertence and that he (the infant) would have caused a timely notice to be served on the proper party — if not for his lack of maturity, knowledge and understanding, and if not for the natural disabilities and limitations inherent in his infancy.”
Finally, we come to the case of Matter of Biberias v. New York City Tr. Auth. (27 N Y 2d 890, supra). There, an infant six years of age was struck by a bus. Within the 90-day filing period his attorney wrote to the transit authority requesting a report of the accident, giving the approximate date and location of the accident, but stating that the infant was not familiar with the city and did not know the exact location. The Appellate Division, First Department, citing and following its Shank-mam, and Goglas cases, stated (33 A D 2d 671) that since an attorney had been retained within the 90-day filing period, the failure to file the claim “was not attributable to the infant’s disability.” This time, however, its reversal was solely “ on the law ’ ’, thereby permitting a review by the Court of Appeals. The Court of Appeals reversed the Appellate Division and remitted the matter for determination of questions of fact, stat *931 ing (pp. 891-892): “ The record before us does not compel the conclusion that, as a matter of .law, the disability of infancy was not a cause of the failure to file. In respect to applications of this nature, we have consistently affirmed the exercise of discretion upon proper proof; and in cases in which an attorney had been retained prior to the expiration of the period for filing, we have in some instances sustained the granting of permission and in others have affirmed the denial thereof, as the particular record warranted. (E.g., Matter of Shankman v. New York City Housing Auth., 16 N Y 2d 500, affg. 21 A D 2d 968; Natoli v. Board of Educ. of City of Norwich, 303 N. Y. 646, affg. 277 App. Div. 915; and see Biancoviso v. City of New York, 285 App. Div. 320, 325.) ”
As a result of the decision of the Court of Appeals in the Biberias case, while the Appellate Division, First Department, may still have the power, as a matter of discretion, to follow its ruling in the Shamkman and Goglas cases, it is clear that the courts now have discretion to permit late filing on behalf of infants even though late filing may be occasioned by the error or neglect of attorneys retained within the 90-day filing period. Significantly, perhaps, the Court of Appeals cited the Biancoviso case, where the Appellate Division, Second Department, not only noted a ‘ ‘ trend toward a more liberal interpretation of the statute” (285 App. Div. at p. 324), but also quoted from the case of Matter of Hogan v. City of Cohoes (279 App. Div. 282): “ ‘We are unable to perceive any vital distinction between the neglect of a parent and the laches of an attorney (Natoli v. Board of Educ. of City of Norwich, 277 App. Div. 915, affd. 303 N. Y. 646). In either case an infant thirteen years of age has not the mental capacity to protect his or her rights. ’ ” (285 App. Div. at p. 325). On remand, in the Biberias case, the Appellate Division, First Department, (36 A D 2d 608), held that the failure to serve a timely notice was “ attributable to the infancy of the infant plaintiff who at the time of the occurrence was six years of age and did not possess the knowledge or information required to serve the necessary notice.”
It is now clear that the retention of an attorney within the 90-day filing period will not, as a matter of law, preclude an infant from receiving permission to file a late notice of claim. And from an analysis of the cases, I conclude that, where the infant is not of such mature years as to adequately protect his legal rights, there may said to be “a cognizable relation between the fact of infancy and the failure to file a claim within the statutory time limitation.”
*932 Here, at the time of her injury, the infant was just under 15 years of age and such infant does not have the capacity to adequately protect her rights. There should be no distinction between the neglect of a parent to pursue the infant’s claim and the neglect of an attorney retained by the parent. As stated by the court in Matter of Morse v. Board of Educ. of City of New York (34 Misc 2d 190, 191): “ It would appear that, under a strict adherence [to the rule] laid down in the Goglas case (supra), the only circumstance in which a late notice could be filed on behalf of an infant would be where her parents failed to retain an attorney on her behalf until after the 90-day period expired. In such a ease it would appear that her parents were negligent for failing to act promptly. It appears anomalous that an infant of tender years can be penalized when her parents are diligent in retaining an attorney to prosecute a claim who fails to file a timely notice, while an infant whose parents fail to act with diligence may apply to invoke the favor of the court.”
No prejudice will result to the respondent 'by the granting of this application, for the respondent had notice of the accident well within the 90-day filing period. It appears from the petitioner’s affidavits that 17 days after the accident the infant’s attorney mailed a letter to the Superintendent of Schools requesting a copy of the accident .report and giving the date and place of the accident and the manner in which it occurred.
In the exercise of discretion, therefore, the application is granted and the petitioner may file a notice of claim within 10 days after the entry of the order based upon this memorandum.