■ GEORGE McARDLE, Individually and as Parent and Natural Guardian of THOMAS McARDLE, an Infant, Respondent, v. NEW YORK CITY HOUSING AUTHORITY, Appellant, et al., Defendants.— In this action to recover damages for alleged false imprisonment and assault, etc., defendant the New York City Housing Authority appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County, dated January 21, 1974, as (1) denied the branch of a motion by said defendant and defendant Filan as sought to dismiss the causes of action of the infant plaintiff, Thomas McArdle, against said defendants and (2) granted a cross motion by said plaintiff to resettle a prior order of the same court, dated April 16, 1973, so as to enlarge his

time to serve a notice of claim. Order reversed insofar as appealed from, on the law and in the exercise of discretion, without costs; complaint as to plaintiff Thomas McArdle against the New York City Housing Authority dismissed; and cross motion denied. On July 15, 1972 at 12:30 A.M. on Hillside Avenue, Queens, plaintiff Thomas McArdle, then an infant 19½ years old, was arrested by defendant John Filan, a security officer employed by appellant. Filan charged Thomas with driving an automobile while intoxicated, driving recklessly and resisting arrest. The record is silent as to whether Filan was furthering appellant's interests or acting as a private citizen when he arrested Thomas and so charged him. Thomas was released on bail later that morning. On October 28, 1972 the charges against Thomas were dismissed. On December 19, 1972, an attorney acting for Thomas and his father, plaintiff George McArdle, served appellant with a notice of claim wherein they claimed a total of $500,000 for compensatory and punitive damages for false imprisonment and an assault allegedly committed on Thomas by Filan on July 15, 1972. Thomas, through his father, and the father individually, moved to enlarge the time for service of their notice of claim on appellant. As an excuse for their failure timely to serve the notice it was contended that their attorney had misapprehended the law as to when their cause of action accrued. They further contended that Thomas was an infant and therefore under disability to assert his claim. Special Term granted the motion by its order dated April 16, 1973 only to the extent of enlarging Thomas' time to serve his claim notice for a period of 20 days after entry of the order (or until May 6, 1973). According to plaintiffs' attorney, due to alleged clerical inability to learn about the order, the notice of claim was served after the time-enlargement had expired. A hearing was held thereon in July, 1973. On August 23, 1973 the summons, on behalf of both plaintiffs, was served on appellant. On September 5, 1973 appellant served a notice of appearance which stated that the notice of claim was not timely served as required by section 50-e of the General Municipal Law. Appellant moved in October, 1973 to dismiss the action for noncompliance with that statute and plaintiffs cross-moved for a further enlargement of time to comply with the statute, labeling their motion as for resettlement of Special Term's April 16, 1973 order. By the order now under review, dated January 21, 1974, Special Term granted the cross motion to the extent of allowing Thomas, then 20 years and 11 months old, another 20-day period for service of his notice of claim. In our opinion, Special Term improvidently exercised its discretion in granting the latter enlargement of time, because (1) Thomas was over 19 when the alleged claims accrued and almost 21 when the second motion for enlargement was made — there is no proof in the record that his infancy disability was responsible for his defaults — and (2) he did not submit an affidavit of merits as to possible liability of appellant or in any way adequately supporting his huge claim for personal injuries (cf. *Matter of Murray* v. *City of New York*, 30 N Y 2d 113, 117–119; *Matter of Shankman* v. *New York City Housing Auth.*, 21 A D 2d 968, affd. 16 N Y 2d 500; *Matter of Goglas* v. *New York City Housing Auth.*, 13 A D 2d 939, affd. 11 N Y 2d 680; *Matter of Pandoliano* v. *New York City Tr. Auth.*, 17 A D 2d 951; *Matter of Nori* v. *City of Yonkers*, 274 App. Div. 545, affd. 300 N. Y. 632; *Matter of Harden* v. *Village of Akron*, 32 A D 2d 610). Moreover, since the second motion for time enlargement, labeled as for resettlement, was made more than a year after the alleged claims accrued, it was time-barred for this additional reason (cf. *Matter of Clark* v. *Manhattan & Bronx Surface Tr. Operating Auth.*, 28 N Y 2d 614). We further note that the hearing held by appellant prior to the second enlargement of time was not a waiver by appellant of its right to assert that the notice of

claim was not timely served (*Matter of Jacobs* v. *City of New York*, 35 Misc 2d 120). Although unnecessary to our determination here, we refer to the present law pertaining to infancy (L. 1974, ch. 924) amending CPLR 105 and 208. Now a person is deemed to attain his majority at the age of 18 years. Martuscello, Acting P. J., Latham, Christ, Brennan and Benjamin, JJ., concur.